## POLLACK v. POLLACK.

Motion No. 9921; No. 1471—5709.

Commission of Appeals of Texas, Section A. Feb. 24, 1932.

For former opinions, see (Tex. Civ.) 23 S. W.(2d) 890, affirmed in part and reversed in part in 39 S.W.(2d) 853.

Harry P. Lawther, of Dallas, for plaintiff in error.

Coke & Coke and Thomas G. Murnane, all of Dallas, for defendant in error.

CRITZ, J.

Our original opinion, which is found in 39 S.W.(2d) 853, 855, states the nature and result of this case, and we refer to that opinion for that purpose.

After the rendition of the judgment recommended in our original opinion, the first motion for rehearing filed herein by Henry Pollack was overruled by the Supreme Court on our recommendation. After the rendition of the judgment overruling the first motion for rehearing, the Supreme Court has permitted Henry Pollack to file a second motion for rehearing, such permission being also granted on our recommendation.

In our original opinion we held: "In this connection we hold that Henry, having not only failed and refused to meet the monthly payments due on the contract, but, on the other hand, having absolutely repudiated the obligation, all without just excuse, has breached the contract, and therefore Charles is entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments. Pierce v. Tenn. C. I. & R. Co., 173 U. S. 1, 19 S. Ct. 335, 339, 43 L. Ed. 591 (cited by Court of Civil Appeals); Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 788, 44 L. Ed. 953; Greenwall, etc., v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 1071, 65 L. R. A. 302; Moore v. Jenkins, 109 Tex. 461, 211 S. W. 975, 976; 13 C. J. page 651, par. 725; 6 R. C. L. p. 1023, par. 384."

The contract made the basis of this suit is set out in full in our original opinion, and in the interest of brevity we will not repeat it here. By its terms Charles conveys to Henry all the property therein described, and Henry, in consideration for such conveyance, agrees to pay Charles $5,000 per year, in equal monthly installments as long as Charles lives, provided Henry outlives Charles, and in such event such monthly installments fully satisfy the contract. The contract then further provides that, in the event Henry should die before Charles, he (Henry) will bequeath to Charles property, real or personal, or both, of the value of $100,000. The contract further provides that, in the event Charles and the representatives, devisees, etc., of Henry cannot agree upon a partition of Henry's estate so as to enable Charles to take property therefrom of the value of $100,000, then so much of Henry's estate shall be sold as shall be necessary to pay Charles $100,000.

In the second motion for a rehearing in this court counsel for Henry for the first time contends that we were in error in applying the doctrine of anticipatory breach to this case because the record shows that the contract out of which this suit originated has been fully performed by Charles, and is still executory only as to Henry. In this connection Henry contends that the rule of anticipatory breach only applies to contracts still ex-

ecutory on both sides. In support of this contention, the following authorities, among others, are cited: New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58; 13 C. J. p. 651, par. 725; Id. p. 655, par. 729; American Law Institute Restatement of the Law of Contracts, Tentative Draft No. 7, Sec. 310; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; Manufacturers Furniture Co. v. Cantrell, 172 Ark. 642, 290 S. W. 353; Leon v. Barnsdall Zinc Co., 309 Mo. 276, 274 S. W. 699; Fidelity & Deposit Co. of Maryland v. Brown, 230 Ky. 534, 20 S.W.(2d) 284; Clarey v. Security Portland Cement Co., 99 Cal. App. 783, 279 P. 483; Washington County v. Williams (C. C. A.) 111 F. 801; Moore v. Security Trust & Life Ins. Co. (C. C. A.) 168 F. 496, 505; Williston on Contracts, Vol. 3, § 1328.

In our opinion this contract is not absolutely performed on the part of Charles. It is true that by the terms thereof Charles makes an absolute conveyance of the properties therein described to Henry, and, as to that matter, the contract is fully completed by Charles. However, Charles' duties or obligations do not end there. The contract, as above shown, provides that, in the event Charles shall survive Henry, he (Charles) is to receive from Henry's estate $100,000 worth of property, which property may consist of real estate, personal property, or both. The contract then makes provision for the sale of enough property to pay Charles the $100,000 in the event he and the representatives of Henry's estate are unable to agree on a partition thereof so as to pay Charles the $100,-000 in property. Certainly such an agreement constitutes in law an implied obligation on the part of Charles to make a real or bona fide effort to agree with the representatives of Henry's estate on a partition thereof in such a manner as will set aside to Charles $100,000 worth of property, real or personal, or both. To our minds it would require considerable time and effort on the part of Charles, and in all probability considerable expense, to effect such a partition. It follows that the contract is not absolutely executed on the part of Charles and is therefore still executory as to both.

■ However, even should we treat the contract as fully performed by Charles, and yet to be performed on the part of Henry only, we are of the opinion that the rule of anticipatory breach should still be applied, because every reason that can be given for applying the rule to the one instance applies with equal force to the other. The doctrine which excepts contracts fully performed by one side from the general rule is purely arbitrary, and without foundation in any logical reason.

■■ Simply stated, the rule of anticipatory breach is founded on the theory that the repudiation of the contract by one of the parties to it before the time of performance has arrived amounts to a tender of a breach of the entire contract, and, if it is accepted by the other party, it constitutes what is known in law as an anticipatory breach of such contract as a whole, and in such event the injured party is at liberty to at once demand his damages for such breach, and, if necessary, begin an action therefor. The damages are to be ascertained as of date of the breach, but such damages are to be full compensation for the loss occasioned by depriving plaintiff of the benefit of the contract. The doctrine of anticipatory breach is not founded on the theory that it moves the performance ahead of the time provided in the contract, but on the theory that, when a party bound to perform under the contract repudiates it and denies his liability thereunder, he thereby wrongfully destroys the contract so far as he is able to do so, and is liable for damages for such wrongful act. Also, since the injury is to the contract as a whole, the measure of damages is the value of the thing injured or destroyed regarded as an article of property. Sedgwick on Damages, Vol. 2, p. 1249, § 636-d. It is also held that the promisee has a right to have the contract kept open and recognized as an article of property, and as a valid, subsisting, and effective contract. The repudiation of the contract denies the promisee all of these rights. Dugan v. Anderson, 36 Md. 567, 11 Am. Rep. 509.

■ Now bearing in mind the rule of anticipatory breach, and the grounds on which it rested, let us see if there is any logical reason that can be given for its application to contracts still to be performed on both sides that does not apply with equal force to those which are fully performed on one side. Certainly when a promisor of a contract fully performed by one side has repudiated it, he has repudiated the entire contract just as wrongfully and just as effectively as would be the case if it still remained to be performed by both. Furthermore, so far as he is able to do so, he has destroyed the entire contract. Also he has destroyed, as far as he is able, the right of the promisee to have the contract kept open and recognized as a valid, subsisting, and effective contract and article of property. It thus appears that the duty of the promisor is just as great, and just as important in the one instance as in the other, and the consequences are just the same in both instances.

We are aware of the fact that the rule adhered to by the English authorities, where the doctrine of anticipatory breach originated, only applies same to contracts still to be performed, in whole or in part, by both sides. We are further aware of the fact that the great weight of authority in America adheres to the English rule. Notwithstanding all this, we are constrained to hold that, since to except contracts performed on one side from

the rule violates every reason that can be given for its existence in the first instance, and since this court has never committed itself to the exception, it should not now do so.

The two leading Texas authorities on the subject are Kilgore v. N. W. T. Baptist Educational Ass'n, 90 Tex. 139, 37 S. W. 598, 600, and Moore v. Jenkins, 109 Tex. 461, 211 S. W. 975, 976.

In Kilgore v. N. W. T. Baptist Educational Ass'n, supra, our Supreme Court, speaking through Judge Brown, thus announces the rule: "The intention to abandon the contract at some future date is no breach of it; but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to repudiate the contract itself, and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But, to have this effect, the declaration of an intention not to perform the contract in the future must be unconditional in its terms."

Certainly there is nothing in the holding as above announced that commits this court to the doctrine that the rule of anticipatory breach does not apply to contracts performed by one side.

In Moore v. Jenkins, supra, our Supreme Court, speaking through Judge Greenwood, thus announces the rule: "The effect of an express and unconditional renunciation of his contract, by defendant in error, was to entitle plaintiffs in error to treat the contract as terminated if they so desired. The law on this subject was plainly stated by Judge Brown as follows: 'The intention to abandon the contract at some future date is no breach of it, but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to repudiate the contract itself and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But to have this effect the declaration of an intention not to perform the contract in the future must be unconditional in its terms. * *. * The ground upon which it is held that when one declares that he will not perform a contract, the performance of which is to begin in the future, the other party may accept this declaration as a breach is that the contract is thus repudiated, and, so far as one party·can do so, the contractual relation between the parties is destroyed.' "

It is very evident from the above quotation that Judge Greenwood had no idea of restricting the rule of anticipatory breach to contracts performed on one side.

We do not think that the rule of anticipatory breach was invoked in New York Life Ins. Co. v. English, supra, or that Judge Brown had same under consideration in preparing that opinion.

We here pause to remark the doctrine which excepts contracts performed by one side from the rule has not gone unscathed by American authorities and jurists. Mr. Williston, one of the greatest of American law-writers, in his Work on Contracts, vol. 3, p. 2380, par. 1328, while recognizing the exception in so far as money contracts pure and simple are concerned, says: " * * * Indeed the right to the unimpeached efficacy of the obligation before its maturity is perhaps as desirable in case of a promissory note as in any other case which can be put," etc.

Also, in Judge Van Devanter's dissenting opinion in Moore v. Security Trust & Life Ins. Co., supra, it is recognized that the exception as to unilateral contracts has been applied to money contracts pure and simple, but the application of such rule any further is protested. We quote the entire dissenting opinion: "Although concurring in the conclusion that the plaintiffs' agency was terminated lawfully, leaving them without any right of action in respect of the expenditures made in anticipation of its continuances, I am unable to assent to the judgment of affirmance in other respects. It is quite clear, as it seems to me, that the defendant engaged to hold itself in readiness to receive and collect the future renewal premiums upon the insurance solicited and procured by the plaintiffs during the life of their agency, and to pay to them the stipulated commission upon those premiums as collected by it; that by wholly incapacitating itself from receiving or collecting those premiums it unequivocally breached its engagement in that regard; and that that engagement was not an ordinary contract for the payment of money, but was one the breach of which in the way described entitled the plaintiffs, at their election, to maintain a present action to recover their damages. Lovell v. St. Louis Mutual Life Ins. Co., 111 U. S. 264, 4 S. Ct. 390, 28 L. Ed. 423; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; In re Neff, 157 F. 57, 60, 84 C. C. A. 561, 564 [28 L. R. A. (N. S.) 349]; Northwestern National Life Ins. Co. v. Gray, 161 F. 488, 88 C. C. A. 430. I perceive no reason for believing that the plaintiffs, by reason of having performed their part of the contract, are in a less favorable position than if the contract was still executory as to them. The case of Washington County v. Williams, cited in the majority opinion, does no more than to hold, following the limitation stated

in Roehm v. Horst, that the rule in respect of the right flowing from an anticipatory breach has no application to money contracts, pure and simple, where one party has fully performed his undertaking, and all that remains for the opposite party to do is to pay a certain sum of money at a certain time or times. This, as it seems to me, is not such a case."

It is evident from the above that Judge Van Devanter understood the exception to go no further than money contracts, pure and simple. The exception is thus announced in many of the authorities. In other words, it is stated in many of the authorities that the rule of anticipatory breach does not apply to money contracts, pure and simple, which have been fully performed on one side. It is clear that Judge Van Devanter thus interpreted the opinion in Washington County v. Williams, supra, and Roehm v. Horst, supra. The contract under consideration here is certainly not a money contract, pure and simple. Be that as it may, we are of the opinion that the rule of anticipatory breach should be applied without distinction to contracts still to be performed on both sides and those fully executed by one side, and we are further of the opinion that no distinction should be made between contracts to pay money, pure and simple, and other such contracts.

We recommend that the second motion for rehearing filed herein by Henry Pollack, plaintiff in error, be in all things overruled.