**SANDERS v. UNIVERSAL LIFE & ACCIDENT INS. CO.**

No. 3050.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Rehearing Denied Sept. 13, 1934.

B. Ray Smith and Smith & Smith, all of Dallas, for appellants.

R. G. Storey and Harold B. Sanders, both of Dallas, for appellees.

W. B. Handley and C. J. Shaeffer, both of Dallas, amici curiæ.

WALTHALL, Justice.

The prosecution of this appeal grows out of the action of the trial court in sustaining a general demurrer to appellee's petition and dismissing her suit.

We will designate the parties, respectively, as appellant and appellee.

Appellant's second amended original petition, upon which the case went to trial, is lengthy, and without copying it here at length, we will state it sufficiently to make clear the point or points to be decided on this appeal.

Appellant's petition states her cause of action in paragraphs numbered from 1 to 10, but in stating the facts pleaded we will not observe the numbers.

The suit was brought by appellant, a feme sole, in the 101st judicial district of Dallas county, Tex., against the appellee, the Universal Life & Accident Insurance Company, a life, health, and accident insurance corporation, to recover upon an alleged breach of appellee's policy or contract of insurance. It is alleged that said Insurance Company on the 26th day of March, 1928, on the payment of the required premiums, issued to appellant its contract or policy of insurance in writing and therein and thereby insured appellant against sickness, death, and/or accident, said sickness and accident provision providing for the payment by appellant to appellee of $6 per week from and after the date of disability or sickness; that thereafter, on or about the 8th day of December, 1932, appellant became totally disabled by reason and on account of sickness; that such sickness and confining illness continued from and after the 8th day of December, 1932, to and including the 24th day of December, 1932; that on or about the 22d day of January, 1933, appellant, by reason of sickness and bodily disability, became totally and permanently paralyzed and disabled, which total and permanent disability by reason of said paralysis has at all times since continued, and appellant alleges that the same will continue permanently and totally throughout the period of her natural life; that up to and including the date of appellant's sickness and disability all the premiums accrued, due, and payable upon

and under said policy or contract of insurance were and had been duly, promptly, and fully paid to appellee, and that appellant in all things and respects adhered to and complied with the stipulations and provisions of said policy or contract of insurance; that within a reasonable time after her said disability, that is, on the 10th day of December, 1932, appellant duly advised appellee (appellee's agents, naming them) of her said disability and duly requested and demanded of appellee (said agents) proofs of loss and/or sickness claim blanks for the purpose and with the intent of making and furnishing appellee with due and proper proofs of loss; that appellant was advised by appellee's said agents that claim blanks would be furnished promptly (the petition alleged repeated demands of said agent for the sickness claim blanks and was advised that same would be furnished); that as to each of said promises appellee failed and refused to adhere, and was then advised that appellee "refused to furnish same, and denied all liability in and under said policy or contract of insurance"; that at all times said agents (naming them) were duly authorized, empowered, and acting agents, servants, and employees of appellee and said transactions were within the actual and apparent scope of their authority, and with full and plenary power to so act for appellee. Appellant alleged that on numerous days after the 12th day of December, 1932, she advised appellee's collecting agent that she was disabled as alleged and requested of him to furnish her with proof of loss blanks for the purpose and with the intent of making proper proofs of loss, and that said agent failed and refused to furnish blanks, and that the furnishing of said blanks was within said agent's actual and apparent scope of authority; that at all times when appellant made demand of said agents for said blanks she also made demand of said agents and each of them for the $6 due and payable to her from and after the occurrence of her disability, but that said request and demand on each occasion were refused.

Appellant then alleged that by reason of appellee's refusal to furnish her the proof blanks, and appellee's denial of all liability of, in, and under said policy or contract of insurance, appellee has waived the furnishing of due proof of loss and/or disability by appellant and is now estopped to interpose as a defense the failure of appellant to furnish appellee such proof of loss.

The petition then alleges, in substance, that on the 14th day of December, 1932, and on January 23, 1933, appellant verbally made demand upon appellee insurance company, through its agent, naming him, for the amount due and payable under the policy contract, but that appellee failed and refused and still fails and refuses to pay same or any part thereof, and that by reason thereof appellee is indebted to appellant for her damages to the extent and in the amount of such weekly installments at the rate of $6 per week for the period beginning December 8, and ending December 24, 1932, with interest, etc., to and including the date of the trial hereof, and for the amount of such installments at the rate of $6 per week for the period from and after the 22d day of January, 1933, to and including the date of the trial hereof, to the extent but not to exceed 26 weekly installments in one full year, with interest, etc., to the trial hereof; and for the additional sum of the then present value as of the date of the trial hereof, of all future installments of $6 per week from and after the date of the trial hereof to and including the period of her life expectancy to include but not to exceed 26 weekly installments in any one full year, said weekly installments of $6 each to be discounted at the rate of 6 per cent. per annum from the date of the trial hereof to the respective maturity dates of each of such weekly installments throughout the period of appellant's life expectancy, which life expectancy is alleged to be 27 years from and after the 23d day of January, 1933, and based upon the American Experience Table of Mortality.

The petition then alleges that by reason and on account of appellee insurance company having denied all of its liability "in and under said policy contract of insurance, and having failed and refused to adhere to and comply with the terms of said contract, or any part thereof, but in all things wholly and completely repudiated and breached each and all of the terms of said insurance contract, appellant is entitled to and here and now does now bring this one action to mature the entire contract on the grounds of breach thereof, and is therefore entitled to recover herein in this one proceeding, by reason of such breach, her entire damage amounting to such weekly installments at the rate of $6.00 per week for the period from and after December 8th, to and including December 24th, 1932, with interest at the rate of 6% per annum on each of said weekly installments from the respective due dates thereof to and including the date of the trial hereof; and for the amount of such weekly installments at the rate of $6.00 per week for the period from and after the 22nd day of January, 1933, to and including the date of the trial hereof, to the extent,

but not to exceed 26 weekly installments in any one full year, with interest at the rate of 6% per annum on each of said installments from the respective due dates thereof to and including the date of the trial hereof, and, for the additional sum of the present value of the future weekly installments of $6.00 each from and after the date of the trial hereof to and including the balance of her normal life's expectancy, to the extent but not to exceed 26 weekly installments in any one full year, and weekly installments of $6.00 each to be discounted at the rate of 6% per annum from and after the date of the trial hereof to the respective maturity dates of each weekly installment throughout her entire life's expectancy as aforesaid."

The petition then alleged by way of further and additional demand from appellee that appellant, through her attorney of record, did, on February 14, 1933, make demand of appellee for the amount due and owing under said policy; that in reply to said demand appellant's attorney received from the appellee its written letter dated February 15, 1933, advising appellant's attorney that appellee "denied all liability in and under said policy or contract of insurance and further stating that it had cancelled said policy," stating the policy number. The petition makes demand of appellee to produce said letter.

The petition states the date of appellant's birth to be on the 5th day of October, 1890, "and that with the exception of being totally and permanently paralyzed with total and permanent paralysis, plaintiff (appellant) alleges will continue throughout her natural life, her health has not been impaired and that her life's expectancy will not by reason of such paralysis be lessened or shortened." The petition then at length states appellant's reasonable life's expectancy to be 27 years, from and after the 23d day of January, 1933, the date of the alleged breach of contract. The petition alleges that more than 30 days had elapsed since appellant's demand and appellee's refusal, and that appellant is thereby entitled to an additional 12 per centum on the principal amount that may be found to be due and payable; for 6 per cent. interest on each installment to the date of the trial.

Appellant alleges that she is entitled to a reasonable attorney's fee and states the amount and for which she asks judgment.

The petition then, at length, restates the several amounts for which she sues as stated above and prays for judgment for said sums.

Appellant filed a supplemental petition in answer to appellee's first amended original answer. The supplemental petition consisted of general demurrer and special exceptions and general denial.

The trial court sustained appellee's general demurrer to appellant's petition, and appellant failing to amend, the court dismissed appellant's cause of action, overruled appellant's original and amended motion for a new trial, and appellant duly excepted, gave notice, and prosecutes this appeal.

### Opinion.

■ We have concluded that the appellant's petition sufficiently alleges that at the time of the filing of her original petition, appellee had unqualifiedly and positively refused to perform the provisions of the whole of the contract insurance policy, and that by reason of such refusal and breach of contract, appellant was entitled to bring her cause of action to recover for whatever loss she had sustained.

■ The only question we think necessary to discuss, in view of the above holding, is whether appellant, in view of the breach of the contract by appellee, has a present cause of action for her entire loss by reason of her alleged total and permanent disability by reason of her alleged sickness, death, and accident provision contained in the insurance policy. In passing upon the sufficiency of the petition as against the general demurrer, we must assume that every fact pleaded, tested solely by the petition, is true, and every reasonable intendment arising under the pleading must be indulged in favor of its sufficiency. Here where the alleged renunciation, breach, and cancellation of the contract policy is unqualified in the statements of the petition, in considering the sufficiency of the petition as against the general demurrer, we must assume an unqualified renunciation and breach of the policy.

■ Proceeding then to consider the effect of the renunciation of liability on the part of appellee and its refusal to pay any part or portion of its liability under the policy as appellant has stated the provision of the policy to be, that is, that appellee thereby insured appellant against sickness, death, and/or accident, and providing for the payment of the alleged sum of $6 per week, from and after the date of the alleged total disability by reason of sickness, appellant's total disability by reason of sickness having been sufficiently alleged, the question of the liability of appellee seems to be whether appellee's present liability is for the weekly payments as they became due, or whether appellee's present liability is to be computed on the present value of appellant's life expectancy of 27

years based upon the American Experience Table of Mortality, as stated in the petition.

Appellant elected to treat the contract policy as wholly breached and brought this action for her alleged loss or damages by reason thereof.

In Pollack v. Pollack (Tex. Civ. App.) reported in 23 S.W.(2d) 890, 39 S.W.(2d) 853, and 46 S.W.(2d) 292, in the last two references by the Commission of Appeals, and the recommendation of the Commission adopted by the Supreme Court, we think the question presented here is fully settled for this state. We think the holding there made applies to the facts of this case. We refer to the case for a statement of the facts. It is there held that Henry Pollack (the defendant) having not only failed and refused to meet the monthly payments due on the contract, but, on the other hand, having absolutely repudiated the obligation, all without just excuse, has breached the contract, and therefore "Charles Pollack (the plaintiff) is entitled to maintain his action in damages at once for the entire breach, and is entitled to one suit to receive in damages the present value of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments," and referred to many cases both state and federal as so holding. The court then reviews some of the cases and holds with approval the statement in Pierce v. Tenn. C., I. & R. Co., 173 U. S. 1, 19 S. Ct. 335, 43 L. Ed. 591, to the effect that the recent tendency of judicial decisions in this country, in actions of contract as well as in actions of tort, has been towards allowing entire damages to be recovered, once for all, in a single action and thus avoiding the embarrassment and annoyance of repeated litigation, and based on the life expectancy.

Texas Jurisprudence, vol. 10, at page 449, announces the rule to be that a positive and absolute refusal by one party to perform is in itself a breach of the contract, and gives the other party an immediate right of action.

█ The petition states that appellant is totally and permanently paralyzed, but otherwise is in good health, and states her life expectancy as in the mortality table referred to.

Appellee suggests that appellant's petition having shown on its face that she was permanently paralyzed, no measure of damages could be pleaded on a life expectancy of a person not in good health. The Austin Court of Civil Appeals, in Huey v. American Nat. Ins. Co., 45 S.W.(2d) 340, 344, said that the table of mortality could apply only to those in good health, and not to persons permanently injured. But that goes only, if at all, to the method of proof on the trial. Appellant alleged her life expectancy to be 27 years. We are not concerned here on the character of proof necessary to establish any fact alleged. But see San Antonio & A. P. Ry. Co. v. Bennett, 76 Tex. 151, 13 S. W. 319; Pecos & N. T. Ry. Co. v. Williams, 34 Tex. Civ. App. 100, 78 S. W. 5, where it is said that the fact that the person referred to was in poor health does not render the mortality tables incompetent, but simply attacks the force and weight to be attached to it; that the objection goes to the weight and not to the admissibility of the tables.

A writ was granted in the Huey Case referred to above, and the case was reversed and judgment rendered, but in the discussion of the case no reference is made to the above holding of the Court of Civil Appeals (Tex. Com. App.) 66 S.W.(2d) 690.

We think the petition is sufficient as against a general demurrer.

The case is reversed and remanded.