UNIVERSAL LIFE & ACCIDENT INSURANCE COMPANY V.
BELL SANDERS.

No. 6836. Decided March 10, 1937.
Rehearing overruled May 5, 1937.
(102 S. W., 2d Series, 405.)

*Storey, Sanders & Sherrill*, of Dallas, for plaintiff in error.

The plaintiff failed to state a cause of action in that her petition showed her to be totally and permanently paralyzed, and definitely failed to state or allege any facts upon which any measure of damages could be computed by the trial court. Huey v. American Natl. Ins. Co., 45 S. W. (2d) 340; Southern Surety Co. v. Butler, 247 S. W. 611; Tufts v. Lawrence, 77 Texas 526.

*Smith & Smith* and *B. Ray Smith,* all of Dallas, for defendant in error.

Where an insurance company has accepted the premiums, and the insured has relied on the indemnity provided in the contract, the insurance company is estopped to cancel the policy after the insured has become disabled. Tackett v. Middleton, 281 S. W. 1047; Stowers v. O'Dell, 13 S. W. (2d) 395; Collins v. Warren, 63 Texas 311; Royal Fraternal Union v. Stahl, 126 S. W. 920.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error will be called defendant and defendant in error plaintiff in accordance with their respective designations in the trial court. A general demurrer to plaintiff's petition was sustained by the trial judge and, upon her refusal further to amend, the case was dismissed. The Court of Civil Appeals reversed that judgment and remanded the cause for trial on its merits. 74 S. W. (2d) 301. A rather full statement of the allegations of the petition is made by the Court of Civil Appeals. For the purposes of this opinion that statement may be condensed as follows:

In March, 1928, defendant issued to plaintiff a policy of health and accident insurance wherein it bound itself to pay the plaintiff a stipulated sum per week for sickness resulting in total disability. While such policy was in force and effect

plaintiff alleges that she became totally and permanently paralyzed. She instituted this suit to recover for payments alleged to have accrued and for the value, as of the date of the trial, of all future installments to mature during her life expectancy, which expectancy was alleged to be 27 years from and after January 23, 1933, based upon the American Experience Table of Mortality. It is not contended that the allegations of the petition are insufficient to state a cause of action for payments matured at the time of trial, but it appears that the amount thereof is not within the jurisdiction of the district court, and, if the petition states no cause of action for recovery in a lump sum of the value of future payments, the demurrer was properly sustained. There is therefore presented for decision the question of the sufficiency of the petition to state a cause of action for damages for anticipatory breach of the contract of insurance.

**1** In the case of Pollack v. Pollack, 39 S. W. (2d) 853, 46 S. W. (2d) 292, this Court announced the rule that when a party who is obligated by contract to make monthly payments of money to another absolutely repudiates the obligation without just excuse, the obligee is "entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been performed, and he is not compelled to resort to repeated suits to recover the monthly payments." The Court of Civil Appeals correctly held that those opinions rule this case. There are no substantial grounds of distinctions between the contract there considered and the one here under review.

**2** Defendant argues that the rule announced in the Pollack case should not be made applicable to health and accident insurance policies, its position being that such policies may be distinguished from the contract considered in that case on several grounds. In the first place, it is pointed out that the contract under consideration in the Pollack case was not a money contract, pure and simple, whereas health and accident insurance policies are money contracts, pure and simple. This contention is answered by the following language taken from the opinion in the Pollack case on motion for rehearing: " * * * and we are further of the opinion that no distinction should be made between contracts to pay money, pure and simple, and other such contracts."

**3** Another claimed ground of distinction is that the contract considered in the Pollack case was a bilateral and executory

one, while that in the instant case is purely unilateral in the sense that, upon a repudiation by the insurer, there remains no obligation to be performed by the insured. This contention is likewise disposed of in the opinion on rehearing in the Pollack case. It was there held that the rule of anticipatory breach is applicable to contracts fully performed by one party and executory on the part of the other. It is written in that opinion that, "The doctrine which excepts contracts fully performed on one side from the general rule is purely arbitrary, and without foundation in any logical reason." The opinion reflects that the Court took notice of contrary holdings in other jurisdictions. In fact, it was stated in that opinion that the great weight of authority, both in America and in England, is to the effect that the doctrine of anticipatory breach applies only to contracts still to be performed, in whole or in part, by both sides, but this Court rejected the reasons supporting that conclusion as being unsound. We must therefore regard it as being settled in this jurisdiction that the distinctions relied upon by defendant are not recognized.

4 It is further argued that in the Pollack case it was alleged and proved that the obligor had absolutely repudiated his obligation without just cause, whereas there are not comparable allegations in the petition in the instant case. The allegations of the petition in this regard are not altogether satisfactory. Some of them would indicate that the defendant breached, but did not repudiate, its contract. However, when tested by a general demurrer only, it can not be said that they do not charge that defendant completely and absolutely repudiated its obligation without excuse. If it did so, no reason is perceived why the rule announced in the Pollack case should not be applicable in the instant case.

It is not to be understood that we are extending the doctrine of anticipatory breach so as to make it applicable to cases where the insurer merely denies liability or claims defenses under the terms of the policy. The Pollack opinions limit its application to cases in which the obligor absolutely repudiates the obligation without just excuse. As stated in Mobley v. New York Life Insurance Co., 295 U. S. 632:

" * * * Mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach of that provision, but it does not amount to a renunciation or repudiation of the policy. Daley v. People's Bldg. & Sav. Asso., 178 Mass. 13, 18, 59 N. E. 452. * * *."

Defendant relies in part upon American National Insurance Co. v. Briggs, 70 S. W. (2d) 491, in which application for writ of error was dismissed for want of jurisdiction. We have not the record in that case before us and can not therefore know why the application was dismissed, but the action of this Court in dismissing same should not be regarded as a holding that the rule announced in the Pollack case can not be made applicable to policies of health and accident insurance.

5 As pointed out above, plaintiff's petition alleges that she is totally and permanently paralyzed, and that, according to the American Experience Table of Mortality, she had a life expectancy of 27 years at the date when total disability developed. The contention is presented that, under the allegation of total and permanent paralysis, these tables are not admissible in evidence, and that therefore the petition is wholly insufficient to allege any damages recoverable in law. We agree with the contention that mortality tables will be of no aid to the jury in the trial of this case. The issue is, how long will plaintiff be totally disabled? Mortality tables, whether based upon persons in good health, as a few of the authorities state, or upon the general population, as the majority state, could not possibly shed any light upon the question of how long plaintiff will be totally disabled. Generally such tables are admissible in evidence, not as conclusive proof, but as some evidence of life expectancy, and the party offering them is not required to show, as a condition precedent to their admission, that the person whose life expectancy is sought to be established is an insurable risk. 10 R. C. L. 1166; 22 C. J. 927. But plaintiff has alleged that she is totally and permanently paralyzed, and on the issue of how long she will remain in that condition, mortality tables do not speak. They should not therefore be admitted in evidence upon the trial of this case.

6 It does not follow that plaintiff's petition is demurrable. Its reference to mortality tables neither adds thereto nor detracts therefrom. She was not required to plead her evidence, and that portion of her pleading is therefore surplusage. The pleading of evidence does not have the effect of limiting the evidence upon the trial to that pleaded.

It is our conclusion that the Court of Civil Appeals correctly held that plaintiff's petition was not subject to a general demurrer, and its judgment reversing and remanding the cause is accordingly affirmed.

Opinion adopted by the Supreme Court March 10, 1937.
Rehearing overruled May 5, 1937.