## WILLIAMS v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.
### No. 8700.

Circuit Court of Appeals, Fifth Circuit.
Dec. 1, 1938.

Motion to Withdraw Opinion Denied
Dec. 15, 1938.

HOLMES, Circuit Judge, dissenting.

———————◆———————

W. E. Johnson and W. L. Oliphant, both of Dallas, Tex., for appellant.

L. E. Elliott and O. A. Fountain, both of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

William R. Williams, appellant, sued at law to recover damages of Mutual Benefit Health & Accident Association, appellee. It is without dispute that the insurance company insured appellant as against accident. The appellant complains that he was permanently and totally disabled by reason of accident; that the policy was in force and effect at the time; that due and proper notice was given to the insurance company; and that the policy of insurance provided that in the event of permanent and total disability by reason of accident that the insurance company would pay to the insured, the appellant, the sum of two hundred dollars per month.

The appellant further complains that the insurance company wholly and completely repudiated its contract of insurance and informed the insured that it would not pay him in any event, according to the terms of the policy of insurance, a monthly indemnity of two hundred dollars per month. Thereupon appellant sued for anticipatory breach of the contract. The trial court sustained special exceptions which challenged the sufficiency of the petition to state a cause of action. The appellant refused to amend his petition and his case was dismissed, and from that ruling he appeals to this court.

It is the law that where there is a repudiation of the contract, one may sue for an anticipatory breach of the same, and recover, if he can, the entire amount for said breach in one lump sum. Therefore, the question presented by this appeal is whether or not appellant's petition states a cause of action for anticipatory breach of the contract. The sufficiency of the cause of action must, of course, be tested by the law of the State of Texas. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The petition alleges a breach of the insurance contract by charging that the appellee insurance company told Williams "that it would not pay him in any event according to the terms of its policy, to-wit, a monthly indemnity, * * * advised plaintiff that even though a doctor of their choice advised them that he was totally disabled, they would not pay the monthly indemnity provided in the policy issued to him." This is an allegation of repudiation and abandonment of the insurance contract by the insurance company. When one who is obligated by contract to make money payments to another, absolutely repudiates and abandons the obligation without just excuse, the obligee is "entitled to maintain his

action in damages at once for the entire breach, * * *." Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853, 855; Pollack v. Pollack, Tex.Com.App., 46 S.W.2d 292; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405.

The appellee insurance company contends that the quoted declaration of its agent that it would not pay the monthly indemnity in accordance with the terms of its contract, was not an absolute and unequivocal repudiation of the contract. The Texas cases hold that the doctrine of anticipatory breach is not applicable to cases where the insured "merely denies liability or claims defenses under the terms of the policy." Universal Life & Accident Ins. Co. v. Sanders, supra, 102 S.W.2d 407. The case at bar does not fall within the protection of that rule. Here the refusal to pay was "in any event", and the petition in all things speaks a good complaint for anticipatory breach. Sanders v. Universal Life & Accident Ins. Co., Tex.Civ.App., 74 S.W.2d 301.

The trial court's ruling is reversed and the cause is remanded for a trial on its merits.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting).

There is no peculiar Texas rule relating to repudiation. In Universal Life & Accident Insurance Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, the court held that the doctrine of anticipatory breach was not applicable to "cases where the insurer merely denies liability or claims defenses under the terms of the policy" [page 407], citing Mobley v. New York Life Insurance Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621, 99 A.L.R. 1166.

I think this case is controlled by New York Life Insurance Co. v. Viglas, 297 U. S. 672, 56 S.Ct. 615, 80 L.Ed. 971. There, as here, the policy survived for many purposes as an enforceable obligation. The insurer was still subject to the duty to pay a lump sum for accidental loss of life and for other specific injuries. None of these duties was renounced. None of them was questioned.

In conclusion, I dissent from the construction of the alleged language of appellee's agent that holds it to be more than a mere denial of liability for the particular claim asserted. The whole claim of appellant had to do with a particular injury. Any language of the agent addressed to the appellant should be construed as applying to the claim then made. While language of the petition, when tested by demurrer, is construed in favor of the pleader, there is nevertheless a burden upon the latter definitely to allege facts which bring the case within the doctrine of anticipatory breach; but, when a pleading sets out words alleged to constitute a renunciation, "defendants have a right to claim that their expressions, sought to be converted into a renunciation of the contract, shall not be enlarged by construction beyond their strict meaning." Dingley v. Oler, 117 U.S. 490, 6 S.Ct. 850, 854, 29 L.Ed. 984. A general allegation, under Texas holdings, is insufficient. American Bankers' Insurance Co. v. Moore, Tex.Civ.App., 73 S.W.2d 620. Therefore, the particular facts must be the sole criterion of whether or not a repudiation is alleged. Appellee did not claim that it never had an obligation under the policy; at best, there was a mere breach of the provision to pay a monthly benefit, not a "renunciation or repudiation of the policy." Mobley v. New York Life Insurance Co., supra, 55 S.Ct. 878.

I think the judgment of the district court should be affirmed.

On Motion to Withdraw Opinion.

PER CURIAM.

It is ordered that the joint motion filed in the above entitled and numbered cause, to have the opinion of this Court, rendered on December 1st, 1938, withdrawn, and the case affirmed or the appeal dismissed, be, and the same is hereby, denied.