NATIONAL LIFE & ACCIDENT INS. CO.
v. RUNNELS et ux.

No. 14154.

Court of Civil Appeals of Texas. Dallas.
Jan. 20, 1950.

Rehearing Denied Feb. 17, 1950.

William M. Bates and Leslie Jackson, Dallas, for appellant.

White & Yarborough, Dallas, for appellees.

CRAMER, Justice.

This was an original suit in the County Court by appellees for sick benefits under a health and accident policy issued by appellant. The applicable provisions provided for payment to appellee Lucille Runnels of $5 per week under the following conditions: "Benefits will be paid for each day that the Insured is by reason of illness necessarily confined to bed, and for each day that the Insured is by reason of accidental injury, of which there is external evidence, disabled from performing work of any nature; provided such confinement or disability is not less than four consecutive days and a certificate of a duly licensed and practicing physician is furnished as hereinafter provided, such weekly benefits for disability being subject to the following limitations: Only twenty-six (26) will be paid during any twelve (12) consecutive months, or for one continuing illness or for disability from one accident; provided, however, that should this Policy remain continuously in force for two full years and less than five full years the limit of benefits for one continuing illness or disability from one accident will be fifty-two (52) weeks, and provided further, that should this Policy remain continuously in force for five full years or more the limit of benefits payable for one continuing illness or disability from one accident will be seventy-eight (78) weeks, the maximum benefits payable under this Policy for one continuing illness or for one accident will be seventy-eight (78) but in no case will more than twenty-six (26) weeks be paid during any twelve consecutive months. (4) The insured shall not be entitled to any benefits for sickness or accident under this Policy unless a certificate by a regular licensed and practicing physician who is satisfactory to the Company, showing the nature of the sickness or injury, shall first be furnished the Company or its authorized agent."

Appellee furnished seven weekly proofs and was paid seven weekly disability checks for disability up to August 8, 1948. Further payments were declined by appellant. In this action appellees claimed 78 weeks benefit at $5 per week, less $35 theretofore paid, together with 12% penalty and $300 attorney's fees. Appellant in its point 1 assigns error of the trial court in overruling its plea in abatement wherein it alleged that less than $200 was involved and that the Justice Court had exclusive jurisdiction. The plea in abatement set out the terms of the policy and asserted that the most the Company could have been liable for at the time suit was filed was $95,—that is, 26 weeks at $5 per week, or $130 less $35 theretofore paid, plus 12% penalty and reasonable attorney's fees based on such amount,—which under no circumstance could total as much as $200.

The policy in question was issued May 24, 1943 to Lucille, before she became the wife of James Runnels, and upon her marriage was properly endorsed to show her married name.

The illness sued on as a basis for the disability benefits began June 3, 1948, the date of the first claim for benefits. At the end of the seventh weekly payment, appellant refused to make further payments. Plaintiff's trial pleading (first amended original petition) was filed May 10, 1949; the amended plea in abatement May 12; the order overruling such plea entered May 21; the trial began May 24; verdict rendered May 25; and judgment rendered May 28. Therefore it appears that less than one year passed between the time of the first weekly payment for illness and the time of the judgment. Under such facts not more than 26 weekly payments of $5 each could have accrued during that time, which, when the seven weeks paid were deducted, totaled $95, plus 12% penalty which would increase the amount to $106.40, plus a reasonable attorney's fee which would have to exceed $93.60 in order to place the original jurisdiction of the cause in the county court; —unless (a) anticipatory breach would involve the entire amount due, past, present and future, under the contract, Pollack v.

Pollack, Tex.Com.App., 46 S.W.2d 292; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405; Englehart v. Volunteer State Life Ins. Co., Tex.Civ.App., 195 S.W.2d 798, ref. n. r. e.; or unless (2) the court's implied finding of fact in favor of his judgment that such attorney's fee in excess of $93.60 cannot be sustained on any theory.

■ An anticipatory breach could not be sustained here, since the appellant is standing on the contract itself, but denying liability under its terms. Universal Life & Accident Ins. Co. v. Sanders, supra.

■ Can we then say that the $93.60 attorney's fee is excessive as a matter of law under the circumstances here? It is true, as stated in American National Ins. Co. v. Jones, Tex.Civ.App., 83 S.W.2d 428, at page 433, that the fee must bear some reasonable proportion to the amount involved. It is still a question of fact, and before the "alleged amount" can be attacked there must be an allegation in the plea in abatement (with evidence to support such allegation) that *the amount was fraudulently alleged for the purpose of conferring jurisdiction on the trial court.* Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145. Such issue of fraudulent allegation was not made by the plea nor was it passed on or determined by the trial court. If such allegation could be read into the plea, the trial court's judgment overruling the plea carries with it the implied finding against a fraudulent allegation of amount against appellant.

Appellant cites the case of Southland Life Ins. Co. v. Norton, Tex.Com.App., 5 S.W.2d 767, holdings approved by the Supreme Court. But that case went off on the right of the Court of Civil Appeals to review and require a remittitur under Art. 1862, Vernon's Ann.Civ.St. of Texas (now Rule 440, Texas Rules of Civil Procedure), after an excessive amount was allowed on a hearing of the evidence by the trial court. No question of the jurisdiction of the trial court was involved and the case is clearly not in point on the question here. The point is overruled.

■ Appellant's sixth point complains of that portion of the judgment in excess of $95 recovered on the policy up to the time of the trial. The policy provides in express terms that not more than 26 weeks disability shall "be paid during any twelve consecutive months." Courts cannot make contracts for parties. Less than 12 months having elapsed between the first check and the time of the trial, this provision limits the recovery in this case to 26 weeks at $5 per week, or $130, less the $35 paid to appellee for the first seven weeks disability. This point must be sustained.

Appellant's seventh point complains of the allowance of statutory penalty and attorney's fees, since recovery is less than the amount sued for; citing Franklin Life Ins. Co. v. Greer, Tex.Civ.App., 219 S.W.2d 137 (Syl. 12), ref. n. r. e.

■ Under the facts in this case we are of the opinion that the statutory penalty of 12% and the attorney's fees are properly allowable on the amount here found to be recoverable. Appellant denied all payments after the first seven weeks, and appellee recovers herein for disability in excess of such seven weeks. We are of the opinion, however, that such attorney's fee must bear some relationship to the amount involved and the amount of the recovery on the policy. Since this Court judicially knows what a reasonable attorney's fee should be, we find such amount to be $50 for the trial court. Since the appellant succeeded in reducing the amount of the trial court's judgment, no attorney's fee is allowed in this appeal.

We have considered all the other points and believe that they are not well taken; and, in view of our disposition of the case, it is unnecessary to further discuss same. They are overruled.

■ The judgment of the trial court is therefore reformed so as to allow a recovery of $95, plus 12% penalty, plus $50 attorney's fee, without prejudice, however, to a recovery, if the facts justify it, for payments which may accrue under the terms of the policy in other twelve-month periods than the one here involved.

Reformed and affirmed.