**COMMERCIAL TRAVELERS CASUALTY COMPANY, Appellant,**

v.

**Ronald D. DYMKE, Appellee.**

No. 3159.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1955.

Rehearing Denied June 3, 1955.

J. T. Sample, Dallas, Webb, Sorrells, Schulz & Ford, Abilene, for appellant.

Archer & Overshiner, Abilene, for appellee.

GRISSOM, Chief Justice.

Ronald D. Dymke sued Commercial Travelers Casualty Company on two insurance policies in which said company agreed to pay him $200 per month, for not more than 18 months, while he was wholly and continuously disabled as a result of bodily injury. Plaintiff alleged that on March 26, 1954, he suffered an injury which has wholly and continuously disabled him ever since and that such disability will continue for 18 months. Plaintiff alleged that on April 28, 1954, the company breached the contracts, denied all liability and cancelled the policies, without just cause; that it falsely claimed it had in its files conclusive evidence that Dymke's disability was caused by a back injury suffered prior to issuance of the

policies. Plaintiff alleged the company completely repudiated its agreement without just cause, wherefore, plaintiff was entitled to recover all payments due or to become due for disability, by reason of defendant's anticipatory breach of its contracts. He alleged he would be wholly and continuously disabled for 18 months and sought recovery of $3,600.

Defendant answered that, by reason of Dymke's willful concealments and misrepresentations of a material nature, upon which it relied in issuing the policies, it was entitled to a judgment declaring the policies void.

The jury found (1) that on March 26, 1954, after the policies were issued, Dymke sustained an accidental injury to his back; (2) that wholly and continuously disabled him and (3) would continue to wholly disable him for 15 months; (4) that Mrs. Dymke falsely represented that her husband had never been treated for sickness, disease or accidental injury; (5) that said representation was not made with intent to deceive the company and (6) were not material to the risk; (7) that the company relied thereon and, (8) after the applications were made by Mrs. Dymke but before Dymke was injured on March 26th, plaintiff ratified and approved said applications and accepted the insurance policies sued on.

Judgment was rendered for Dymke against the company for $3,000 and it has appealed.

■ After careful consideration, we have concluded that the finding that, after the applications were made but before he was injured, Dymke ratified and approved the applications and accepted the policies, is sustained by the evidence.

■ Appellant's third point is that the court erred in refusing to permit its president to testify as to the underwriting policy of the company. This point must be overruled because it is not shown what he would have testified.

■ Appellant's fourth and fifth points are that the evidence is (4) in-

sufficient to support a judgment for more than four months disability and (5) that the court erred in entering judgment for unaccrued monthly benefits. There was testimony that Dymke had earned about $350 between the time of his injury and the trial on July 27, 1954. There is evidence to the effect that Dymke performed labor by reason of necessity and it caused him to suffer pain. We think it was not conclusively shown that Dymke was not disabled within the meaning of the policies. Appellant's point that the court erred in rendering judgment for "non accrued monthly benefits" has given us the most concern. The burden was on Dymke to not only allege, as he did, but also to prove that the company absolutely repudiated its obligation without just cause in order to recover damages for an entire breach of the contracts in one suit, that is, to recover the present value of all that he would have received if the contracts had been performed. Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 407. There was no jury finding relative thereto. However, after careful consideration of the record presented, we have concluded that an absolute repudiation of the contract, refusal of payment of the promised monthly installments and cancellation of the policies without just cause have been conclusively established. In answer to Dymke's claim for payment of monthly benefits for disability the company refused payment for the reason that it claimed to have in its files conclusive evidence that Dymke's disability was caused by a back injury suffered before the policies were issued. All the evidence produced relative thereto was an admission by Dymke on cross examination by appellant that on October 10, 1953, he went to see Dr. Adams about a swollen muscle; that the doctor "taped" him and he remained off the job for two days. Dymke testified that he had then suffered no back injury and Dr. Adams said he had no back injury in 1953. Dr. Adams testified on the trial of this case. The doctor who treated Dymke for his injury of March 26, 1954 and the doctor who made the X-ray pictures of his back at that

time also testified on the trial of this case. Appellant has not brought to this court the testimony of any of said doctors. With only part of the evidence before us and that part showing the situation mentioned above, we have no right to say that an issue of fact was raised by the evidence. To obtain a reversal of a judgment the appellant has the burden of showing not only that the court erred but that it was probably injured thereby. The applicable rule is stated in 3–A Tex.Jur. 486, 487 as follows:

"The judgment, orders, and rulings of the trial court are presumptively correct, and generally the appellate court will only consider matters shown by the record. Therefore, to procure a reversal an appellant must bring up a record which affirmatively shows that an error was committed, and that it was of such a nature as was calculated to injure him.

"The general burden of appeal rests upon the party prosecuting it, and he must affirmatively show neglect or refusal of the trial judge to perform his official duty. He must present a record which is sufficiently full to show clearly the action of the court and the error of which he complains. The burden is upon him to bring up the whole record. If he brings up a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld."

Under the circumstances, we think the judgment should not be reversed because of the failure to obtain a jury finding. The evidence before us is all one way. It is to the effect that Dymke did not suffer a back injury prior to issuance of the policies. Surely, if the company's statement, that it had conclusive evidence in its files that Dymke's disability was not caused by the back injury of March 26, 1954, but by an injury in October, 1953 were true, it would have, when confronted by definite testimony to the contrary, presented some of that evidence in an attempt to show such was its real reason for completely breaching its contracts and cancelling the policies. If the testimony of the doctor who attended Dymke in 1953, at the time the insurance company claimed he suffered a back injury that caused his present disability, had been helpful to appellant it is reasonable to assume it would have brought said doctor's testimony to this court. The same is true of the testimony of the doctor and the X-ray specialist who treated and examined Dymke following his injury on March 26, 1954. The undisputed evidence presented shows that appellant completely repudiated its contract, refused to accept further payment of premiums and cancelled the policies without just excuse.

■ Dymke is, therefore, entitled to recover in this suit, as damages for the breach of the contracts, the value of said policies at the time of the trial. In other words, Dymke was entitled to recover under the findings and undisputed evidence the amount agreed to be paid for the 15 months which the jury found Dymke has and will be wholly and continuously disabled. Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853, 854; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405; Needham v. American Nat. Ins. Co., Tex.Civ.App., 97 S.W.2d 1016 (Writ Dis.); Id., Tex.Civ.App., 78 S.W.2d 1059; American Nat. Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937 (RWM). However, the eleven monthly payments which had not accrued when the judgment was rendered should have been discounted at the rate of six per centum per annum from the time they would otherwise have been payable to the date of the judgment. Pan American Life Ins. Co. v. Garrett, Tex.Civ.App., 199 S.W.2d 819.

The judgment will be reformed to allow such discount and affirmed.

Reformed and affirmed.