**CONTINENTAL CASUALTY COMPANY, Appellant,**

**v.**

**Richard H. BOERGER, Appellee.**

**No. 4325.**

Court of Civil Appeals of Texas.

Waco.

April 1, 1965.

Rehearing Denied April 22, 1965.

The Kempers, John D. Richardson, Houston, for appellant.

Miller & Gann, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

WILSON, Justice.

The question in this suit by insured against the health and accident insurer is stated by the insurer to be whether insured "actually made out a case of 'repudiation'."

Judgment was rendered for insured for the commuted value of "unaccrued disability benefits" on jury findings to the effect that insured will be totally disabled for 537 weeks, and that insurer's agent told insured the company "had paid him all the

money it owed under the terms of the policy in question and did not intend to make any more payments under such policy in the future."

Appellant says there is no support in the record for a finding of anticipatory breach or repudiation, and, alternatively, insured failed to establish that insured accepted the repudiation and acted thereon. No complaint is presented concerning the disability findings. The charge is not attacked.

Insured alleged insurer paid disability benefits under its policy for 52 weeks, and then "completely repudiated its said policy without just cause, and ceased making such payments, even though your plaintiff remains wholly and continuously disabled." He prayed for weekly indemnities computed on the basis of his remaining life expectancy, with statutory penalty. (There is no complaint as to recovery of the penalty.) Insurer specially pleaded three policy provisions for insurance benefits, and alleged, "Plaintiff has already been paid benefits under each and all of these three provisions, and has been paid all of the benefits to which he has become, or can ever be, entitled under the contract with respect to the injury he received." It also alleged payments it had made by mistake exceeded its liability because insured had changed to a more hazardous occupation, and he had been notified his occupation had been reclassified, and his premiums entitled him only to reduced benefits. Appellant alleged it had refused further payment because it had just cause to refuse under the contract.

■ In Texas, where "a party * * * obligated by contract to make monthly payments of money to another absolutely repudiates the obligation without just excuse, the obligee is 'entitled to maintain his action in damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of all that he would have received if the contract had been performed.'" Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 406; Pollack v. Pollack,

Tex.Com.App., 39 S.W.2d 853, 855, id., 46 S.W.2d 292, 295.

■ Repudiation consists in "such words or actions by a contracting party as indicate that he is not going to perform his contract in the future." Samuel Williston, "Repudiation of Contracts," Select Readings, Assoc. of American Law Schools 1080; 14 Harv.L.Rev. 317. See Moore v. Jenkins, 109 Tex. 461, 211 S.W. 975, 976. It is conduct which shows a fixed intention to abandon, renounce, and refuse to perform the contract. Kilgore v. Northwest Texas Baptist Educational Soc., 90 Tex. 139, 37 S.W. 598, 600; Burks v. Neutzler, Tex.Com.App., 2 S.W.2d 416, 418; Moore v. Middleton, Tex.Com.App., 12 S.W.2d 995, 997; Lumbermen's Mutual Casualty Co. v. Klotz, 5 Cir., 251 F.2d 499. It is helpful also to remember what repudiation is not. A denial that the facts entitle insured to recovery under the policy is not a repudiation. Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43, 45, 173 A.L.R. 968; Needham v. American Nat. Ins. Co., Tex.Civ.App., 78 S.W. 2d 1059, 1060, writ dism.; Needham v. American Nat. Ins. Co., Tex.Civ.App., 97 S.W.2d 1016, 1021; Williams v. Mutual Benefit Health & Accident Ass'n, 5 Cir., 100 F.2d 264. The doctrine of anticipatory breach is not applicable where insurer "merely denies liability or claims defenses under the terms of the policy." Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 407. Mere refusal, "upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due" is not a repudiation of the policy. Universal Life & Acc. Ins. Co. v. Sanders, above.

These are the facts pointed to by appellee as manifesting a renunciation or repudiation: Insured testified the manager of insurer's claim department, after two or three months of disability payments, told insured: "Too bad you don't get any better. I had better send you to a good doctor,"

and sent insured to the physician who continued to treat him; that nearly a year after the claimed injury, disability payments were suspended, being thereafter resumed at a reduced weekly rate; that the agent told him the company had overpaid him and asked him to surrender his policy, and "told me they would like to get me off their books and to turn in my policy"; that "he wanted the policy cancelled," but also offered insured $400 "to try to get me off their books"; that insured insisted on timely payment of indemnity. "I even asked him would I still be insured and he said 'absolutely not'. All he was interested in was getting my policy," but the agent "never made the unconditional request for the policy without offering money." There was equivocal testimony the agent told insured the policy was invalid. It was stipulated that when the agent "wanted to get the policy back, that was when Mr. Boerger" and the agent "disagreed what Mr. Boerger was entitled to under the policy sued upon." Plaintiff testified further, however, that about six months later he decided he was not going to send further medical reports to the agent because the agent said, "You are cancelled out, we are not going to pay you any more".

■ The evidence relied on by insurer here, to be sure, would have supported a negative answer to the issue concerning what the agent told insured, as it contends, and was sufficient to support the conclusion there was no repudiation. The question presented is a close one. In our opinion, however, the evidence summarized must be held legally sufficient to sustain the finding concerning repudiation as a basis for judgment. See Universal Life & Accident Ins. Co. v. Shaw, 139 Tex. 434, 163 S.W.2d 376, 379; Needham v. American Nat. Ins. Co., Tex.Civ.App., 78 S.W.2d 1059, 1061, writ dism.; Needham v. American Nat. Ins. Co., Tex.Civ.App., 97 S.W. 2d 1016, 1018, writ dism.; American Casualty & Life Co. v. McCuistion, Tex.Civ. App., 202 S.W.2d 474, 478, writ ref. n. r. e.;

Williams v. Mutual Benefit Health & Accident Ass'n, 5 Cir., 100 F.2d 264; see Commercial Travelers Casualty Co. v. Dymke, Tex.Civ.App., 279 S.W.2d 405, 408. It is unnecessary, under this holding, to pass on appellee's contention that the insurer also repudiated the policy by its attempted reclassification.

The insurer insists, nevertheless, that insured failed to establish he "accepted" such repudiation and acted thereon. It relies on language in Lumbermen's Mutual Casualty Company v. Klotz, 5 Cir., 251 F.2d 499, 505, based in turn on a statement in Pollack v. Pollack, Tex.Com.App., on rehearing, 46 S.W.2d 292, 293 that repudiation before time of performance amounts to a "tender of a breach," and "if it is accepted" constitutes an anticipatory breach.

■ If the Klotz decision is interpreted as holding it was essential that insured communicate "acceptance" of repudiation in the sense that an offeree "accepts" an offer under contract law, we think the rule is otherwise. "Upon principle the election or assent of the other party has nothing to do with the effect of repudiation as a cause of action. Such assent would constitute a rescission, not a breach. No notice need be given by plaintiff that he treats defendant's repudiation as a breach. Nothing more is necessary than bringing the action, and this should be allowed at any time before the repudiation is withdrawn." Henry W. Ballantine, "Anticipatory Breach," Select Readings on the Law of Contracts, Association of American Law Schools 1931, p. 1085.

■ The quoted language in the Pollack case is clearly explained in the Court's original opinion, 39 S.W.2d 853 at page 857. It is there said repudiation "affords to the other party the opportunity to accept the declarations, if he chooses to do so." He has an option to treat the repudiation as such, and "may at once bring an action as on a breach of it", or he may treat the notice of repudiation as inoperative so

as to keep the contract "alive for the benefit of the other party as well as his own." He makes his election to adopt the former course by filing a suit for damages, resolving his right "into a mere cause of action for damages." We do not interpret the Klotz decision as holding otherwise. That the damages alleged by plaintiff are related directly to what the contract would have provided is not, as appellant argues, inconsistent with the latter course. His measure of damages is "the present value at the time of trial of all that he would have received if the contract had been performed." Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853, 857; Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405, 406.

■■■■ In our opinion the effort by plaintiff to recover statutory penalties and attorneys' fees does not negative his election to sue for anticipatory breach, nor does it affirm the continued existence of the contract, as appellant urges. Art. 3.62 Insurance Code, V.A.T.S. authorizes recovery of 12% damages in cases where "a loss occurs" and the company liable "shall fail to pay the same." These damages are recoverable for failure to pay a loss for which the insurer is liable. The suit for these damages is not a suit "on the policy", but is one under the statute for failure to pay a loss originally covered by the policy. We are here concerned neither with whether recovery under the statute was authorized, nor as to how much could be recovered. Those questions are not raised. We hold only that including this element in the suit did not make the action one upon the policy, and did not preclude recovery of damages for repudiation.

■■■■ Appellant's final complaint is that the court erred in rendering judgment based on weekly indemnities of $100 per week (the amount the policy provided when issued), rather than on the basis of $66.67 per week (the amount due under its reclassification of plaintiff's occupation as having become more hazardous than when the policy was issued). The jury answered affirmatively an issue inquiring whether plaintiff, at the time of injury, had changed his occupation to one "classified as more hazardous" than that stated in the policy. There were no objections to this issue, or to that following, under which the jury found insurer knew when it issued the policy that plaintiff was engaged in buying cattle. There is evidence to show he changed from an executive position, where he did some cattle buying, to the latter occupation almost exclusively.

The jury findings, under the evidence, did not determine the defensive ground upon which the insurer had the burden of proof: whether it was authorized to reduce benefits to $66.67 per week as it pleaded. It is true appellant did undertake to reduce the benefits after paying plaintiff weekly indemnities of $100 per week for over 30 weeks. Appellant's agent did tell him that since his duties were "strictly those of a cattle buyer" his classification was changed to "a D-star risk," and his premium payments under this classification would only entitle plaintiff to $66.67. What the source of the agent's rating, classification, indemnity computation or premium amount was is a matter of speculation. That source is certainly not the policy. Apparently the "rating manual" of an entirely different company was borrowed for the purpose.

The policy provided it contained the entire contract except "as it may be modified by the company's classification of risks and premium rates" after change of insured's occupation to one classified by the company as more hazardous. It provided the company would, in such event, pay only the portion of indemnities which the premium would purchase for the more hazardous occupation. It provided that the applicable rates and classification of risks should be that "last made effective" in Texas by appellant prior to the occurrence of the loss for which it is liable. What this was there is no evidence to suggest.

Appellant has thus not established as a matter of undisputed evidence that the judgment should be computed on the reduced rate; and it has obtained no jury finding upon which the amount of any reduction can be based. If it may be said the issues submitted are necessarily referable to appellant's independent ground of defense, and that there is any evidence on the unrequested omitted issues, these latter are deemed found in support of the judgment by Rule 279, Texas Rules of Civil Procedure.

Affirmed.