KING FEATURES SYNDICATE, Inc., v.
VALLEY BROADCASTING CO., Inc.,
et al.

District Court, N. D. Texas,
Dallas Division.

Dec. 8, 1941.

M. M. Wade, of Dallas, Tex., for plaintiff.

W. J. Rutledge, Jr., of Dallas, Tex., for defendants.

ATWELL, District Judge.

Plaintiff, a New York corporation, declares upon a contract made on June 19, 1940, between it and defendant, Valley Broadcasting, Inc., wherein certain broadcasting rights were granted over Station XEAW, located at Reynosa, Mexico, which is near Hidalgo, Texas, for seven nights per week. That the pay for this service was $97.50 per week.

The agreement was to continue for one year from date, and "shall thereafter renew itself continuously for periods of five years unless either party shall notify the other by registered letter received at least six months before the beginning of the first renewal period, or any subsequent renewal periods, of its desire to terminate this agreement, in which event this agreement shall terminate at the beginning of the next renewal period which would have commenced thereafter; otherwise it shall remain in full force and effect, subject to all terms and conditions thereof."

In the first clause of the contract, which relates to the service to be furnished by the plaintiff, to the defendant for the consideration mentioned, it agreed to furnish such broadcasting privilege for such weekly service, "and agrees as far as practicable to deliver to the broadcaster such news report." This news report is a vital part of the contract for which the weekly payment was to be made by the defendant.

On February 18, 1941, defendants, Collins and Collins, took over and assumed the Valley Broadcasting Company contract, stating, "We will appreciate your billing Collins & Collins instead of Valley Broadcasting Company in the future." The plaintiff, on February 20, 1941, agreed to such assumption.

It is also alleged that defendants, Collins & Collins, were the main incorporators in the Valley Broadcasting Company, which,

on February 15, 1941, filed its Certificate of Dissolution in accordance with the statute of Texas under which laws it had been incorporated.

Plaintiff claims that $947.15 are due it for services furnished under the contract. That the defendants have breached the contract by declining to go forward with it, but that such declination was not made more than six months before September1, 1941, when the contract provided that it would be renewed for five years by the failure to give notice of renunciation six months before .that date. That the repudiation notice was given in July, 1941. Therefore, it claims the $947.15 earned plus what it would have made had the contract been kept in force for the entire period· in the sum of $9,231.95.

· The defendants move to dismiss on· the ground that the amount in ·controversy is not more than $3,000.··

·The defendants contend that the selling clause, which binds the plaintiff to comply with· its contract, "so far as practicable," heretofore quoted in full, makes the agreement unilateral. Therefore, that .the amount due is $947.15, and not the: alleged damages. for the anticipatory breach.

It will be remembered that the contract was for broadcasting rights. ·

■■ Strictly an anticipatory breach of a ·contract is one .committed before the time·has come when there is a present duty of performance, and it is the outcome of words evincing an intention to refuse performance in the· future. When there is such a repudiation, the other party has the option to treat the contract as ended, so far as further performance is concerned, and to maintain an action at once for damages occasioned by such anticipatory. breach.

The rule is the same, whether the contract is wholly executory, or has been partially· executed. Vol. 17. Corpus Juris Secundum, Contracts, § 472, page 973.

This doctrine is well reasoned and supported by Roehm v. Horst, 178 U.S. 1, 20 S.Ct. 780, 44 L.Ed. 953. See also Pollack v. Pollack, Tex.Com.App., 46 S.W.2d 292; Gable v. Frigidaire Corp., Tex.Civ.App., 121 S.W.2d 456; Farmers' & Mechanics' Nat. Bank v. Central Guaranty Co., Tex. Civ.App., 241 S.W. 600; Edwards v. Roberts, Tex.Civ.App., 209 S.W. 247.

■ This rule allowing recovery of actual damages for an anticipatory breach, does not apply in cases of contracts originally unilateral, unless completely executed by one of the parties thereto, and is executory only on the part of the other party. Hawkinson v. Johnston, 8 Cir., 122 F.2d 724. While that case is a Missouri case, it marshals the authorities in a rather attractive manner.

■ The duty that the plaintiff bound itself to perform, "if practicable," leaves such a large field of contingency to its own judgment as to whether it shall perform, that the court cannot find that necessary mutuality which is requisite under the rule. The agreement contains no definition of what is meant by the phrase, "if practicable.". There is no ground upon which a court can enter to determine whether the phrase, "if practicable," is reasonable or unreasonable. There is no agreement as to who shall judge. whether a condition that confronts the plaintiff is "practicable," or not "practicable."

■ It would not be just to permit a party to recover for the breach of a contract which it was not bounden to perform. Since the performance by the plaintiff is dependent upon its notion of "practicability," it could assert an "impracticability," at any time in the future and thus terminate its· contract. If it were permitted to recover for future losses prior to such happening, or condition which made it impracticable for it to perform, it would be paid for doing that which it did not do. Hence, the equity of the rule which denies recovery for an anticipatory breach of an unilateral contract. The effort to recover ·for future services which it has not rendered, and which it may not render, cannot succeed. A showing that it had made expenditures for the purpose of carrying out its contract, might be of assistance to it in a recovery of a portion thereof. The motion to dismiss, however, cannot be granted.

The plaintiff's statement of its cause of action exhibits an amount within the jurisdiction of the court. There is nothing fraudulent about its claim. It is not simulated. It is, from every standpoint, genuine. It is really "in controversy."

That it may not recover all of that amount, that, in fact, it may recover only the amount of the installments which were

'due, for the reasons stated above, does not deprive it of its right to have the matter tried in this court. Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921.

The motion to dismiss must be overruled.