**KING FEATURES SYNDICATE, Inc., v. VALLEY BROADCASTING CO. et al.**

**No. 552–Civ.**

District Court, N. D. Texas, Dallas Division.

Feb. 9, 1942.

M. M. Wade, of Dallas, Tex., for plaintiff.

W. J. Rutledge, Jr., of Dallas, Tex., for defendants.

ATWELL, District Judge.

In addition to the description of this case given in 42 F. Supp. 107, the defendants plead that in March, 1941, at Havana, Cuba, certain governments, including the Republic of Mexico, and the United States of America, entered into the treaty of Havana, a portion of which made it impossible for the defendants to continue to operate XEAW broadcasting station situated at Reynosa, Mexico, which town is near Hidalgo, Texas. That the treaty became operative in Mexico and in the United States in June, 1941, and the defendants were required to decrease their scope of broadcasting territory which required a change in their station's power, and to remove the station to a new location.

That of such required changes the plaintiff was notified but refused to forego any of its rights, as claimed by it, under the contract theretofore existing between it and the Valley Broadcasting Company. That in July following the peremptory notice was given by the defendants, Collins and Collins.

Since a ratified and valid treaty is binding upon not only the governments entering into the same, but upon the nationals of such governments, if the provisions of the treaty are within the constitutional provisions of the government making it, the status of the defendants was altered thereby.

They show to the court by unquestioned testimony that the changes in the dial and in the station location result in a lesser territorial coverage, and in the offering of stale news by the plaintiff to the defendants.

That in such a situation it would be improper to enforce against them the provisions of the original contract between the Valley Broadcasting Company and the plaintiff, even if that contract were not unilateral, and even if that contract had been, in fact, assumed by Collins and Collins by reason of their letter of February, 1941, wherein they asked that they be billed for the weekly payments which the Valley Broadcasting Company had promised to make to the plaintiff under the original contract between those two.

■ Pretermitting any statements of views at this time with reference to the making by the plaintiff of a profitable arrangement with the Atlanta Constitution at Atlanta, Georgia, for the use of the same machines and service, without loss to it, that it had been furnishing to the Valley Broadcasting Company, and to the defendants, Collins and Collins, it seems to me that the treaty should be considered as a sufficient reason for the discontinuance of the service in the way that it was discontinued by the defendants, Collins and Collins.

■ A treaty effective and binding upon the contracting parties binds the courts and affects contracts theretofore entered.

138

Pollard's Heirs' Lessee v. Kibbe, 14 Pet. 353, 10 L.Ed. 490.

■ Courts have no right to annul or disregard any of its provisions. Doe ex dem. Clark v. Braden, 16 How. 635, 14 L.Ed. 1090. They cannot dispense with any of its conditions or requirements upon any notion of equity, general convenience, or substantial justice. United States v. Choctaw Nation, 179 U.S. 494, 21 S.Ct. 149, 45 L.Ed. 291.

■ Private rights which have suffered by reason of a treaty may be salved by the government which entered into the treaty, and which required the condition causing the injury. O'Reilly de Camara v. Brooke, D.C., 135 F. 384.

Decree should go for the plaintiff for such arrearages plus interest as are due up to September 1, 1941, the date of the discontinuance of the service.