## Zaranco Estate

*Wm. W. Wogan*, for accountant.

GROSS, P. J., June 26, 1950.—The first and final account of William W. Wogan, administrator of the estate of Constant L. Zaranco, late of the Township of West Manchester, York County, Pa., deceased, was filed in the office of the Register of Wills of York County, on September 28, 1949; and, after due and legal advertisement, was presented to this court for confirmation and audit on November 2, 1949. The audit was continued from time to time in order to ascertain who are entitled to the balance for distribution. Failing to acquire the necessary information with absolute verity, we have declared the audit closed and submit the following report:

### Appearances

William W. Wogan, a member of York County bar, and the accountant, was the only person to appear at the audit.

### History

Decedent, a national of the Republic of Poland, died intestate on August 29, 1944, at the Township of West Manchester, York County, Pa.

On May 23, 1918, he filed, in the Court of Common Pleas of York, York County, Pa., a declaration of his intention to become a citizen of the United States, to which he signed his name as "Constant Leon Zaranco", and in which he avers that he was born at Wies Zelisna, Russian Poland, on April 10, 1886, and arrived in New York March 19, 1913.

On April 29, 1940, decedent filed his second declaration of his intention to become a citizen of the United States in the court, to which he signed his name as "Konstanty Leon Zaranko", and in which he avers that he was born at Zelizna, Poland, on April 10, 1886, and arrived in New York on March 18, 1913.

In his first declaration of intention, he gave his wife's first name as "Mary" and her residence in his native country.

In his second declaration, he gave his wife's first name as "Maryanna", and the first names, birth places and dates of birth of three children, as follows:

1. "Ludwika, Zelizna, Poland, October 1, 1906.
2. "Marcin, Zelizna, Poland, March 10, 1908.
3. "Wladyslaw, Zelizna, Poland, March 1, 1911."

After an extensive investigation made by the accountant, through correspondence with the Consulate of the Republic of Poland, Pittsburgh, Pa.; Peter Sidelnik, 2997 Hanley Avenue, Hamtramck 12, Mich., a brother of decedent's wife; Peter Bogaty, director, American Information Office, 1605 Walton Avenue, New York 52, N. Y., and Central Service Bureau, Inc., 5129 S. Ashland Avenue, Chicago 9, Ill., credible, but not conclusive, information was obtained, which indicated that the statements of decedent as to his wife and children made in his second declaration of intention were probably true. The correspondence above referred to will be deposited in the file of this estate in the office of the clerk of this court for future reference.

There is also attached to the petition for adjudication an alleged power of attorney, written in the Polish language, accompanied by an English translation without an affidavit attached, by one, Joseph Jasinski, from which it appears that the wife and decedent's three children, above named, on March 27, 1947, appeared before one, Antoni Sobolewski, a notary, at Miedzyrzec, Poland, and executed the alleged power of attorney to

"Pietr Sedelnik", presumably the same person whose name appears above as "Peter Sidelnik".

The translation indicates that the power is given only for the management of real estate of decedent and possibly for the administration of decedent's personal estate. It is certainly not sufficiently comprehensive to warrant this court to award the distributive shares of parties in interest to Sidelnik as their attorney-in-fact. This power of attorney is also fatally defective for the want of authentication by the Polish Consular's Office, as provided by article XXI of the Treaty between the United States and the Republic of Poland, which became effective July 10, 1933, and which is still in full force.

The record shows that, when this account was filed, the accountant gave notice to the alleged wife and children of decedent, by United States registered mail, addressed to each of them at Zelizna, Poland.

The record shows also that notice of the filing of this account was given, by United States mail, to Peter Sidelnik, addressing him at 2997 Hanley Avenue, Hamtramck 12, Mich., and that notice was also given to the Consulate of the Republic of Poland, at 249 N. Craig Street, Pittsburgh, Pa.

By letter, dated September 29, 1949, the accountant advised the Consulate of the Republic of Poland, at Pittsburgh, of the balance in the account for distribution and of the fact that decedent died seized of real estate, appraised for transfer inheritance tax purposes by the State of Pennsylvania at the sum of $5,750. The notifying letters to the alleged parties in interest of the filing of the account and to Peter Sidelnik and the Polish Consulate will be deposited with the file of this estate in the clerk's office for future reference.

It also appears in the record that Henry C. Pytell, an attorney, located at 11407 Jos. Campau Avenue, Detroit 12, Mich., had been consulted by Peter Sidelnik with

reference to this estate; and that, on December 20, 1947, he was fully advised as to the nature and character of the assets of this estate and the attending difficulties in making a safe distribution of the assets.

The last information which we received concerning the heirs of this decedent is contained in a letter from the Consulate of the Republic of Poland, Pittsburgh, Pa., dated October 1, 1948, in which the consul stated that, as far as he was able to find out, decedent left to survive him the wife and children above named. The letter was signed by Zygmunt Fabisiak, consul.

By letter dated October 8, 1948, the same consul of the Republic of Poland wrote to the accountant, which we quote in part as follows:

"Thank you for your letter of October 7, 1948.

"In the circumstances explained in our letter of October 1, 1948, addressed to you, I would respectfully request that when you file your final account in the matter of the estate of Konstanty Zaranko, you ask the court to award the balance of the estate to the widow and children of the deceased residing in Poland and have the orphans' court either hold the moneys in court's deposit until the time the heirs will prove their identity and arrange for their representation, or else have the moneys paid to this consulate as the ex officio representative of the heirs."

Courts have no right to annul or disregard provisions of a treaty upon any notion of equity, general convenience or substantial justice: King Features Syndicate, Inc., v. Valley Broadcasting Co. et al., 43 F. Supp. 137, 138, affd., 133 F. (2d) 137 (1943). Any State law or public policy which is inconsistent with, or impairs the policy or provisions of a treaty must yield to the supreme Federal policy evidenced by the treaty: Santovincezo, etc., v. Egan et al., 284 U. S. 30, 52 S. Ct. 81 (1931).

There are certain cases, however, where the obligation of a treaty will be dependent upon State law or policy, and in such cases the treaty with the foreign nation will be carefully construed so as not to derogate from the authority and jurisdiction of the State unless clearly necessary to effectuate a National policy: United States v. Pink, etc., et al., 315 U. S. 203, 230, 62 S. Ct. 552, 565-66 (1942).

A careful study of the treaty under consideration has failed to disclose any pertinent provision which inhibits this court in its recognized obligation to protect the rights of a local decedent's heirs, regardless of their citizenship or residence. In Rocca v. Thompson, 223 U. S. 317 (1912), it was held that a privilege conferred by the "most favored nation" clause of a treaty with a foreign nation cannot be construed as intended to supersede the local law as to the administration of estates.

The foregoing principles of law have been adopted from the opinion of Judge van Roden of the Orphans' Court of Delaware County, filed April 19, 1950, in Zielinski's Estate, 73 D. & C. 81, in which, under similar facts and circumstances, Judge van Roden impounded the fund for distribution of a deceased Polish national in the custody of the orphans' court until the heirs and next of kin of decedent were definitely ascertained.

In Stede's Estate, 38 D. & C. 209; Hering's Estate, 41 D. & C. 371, and Feodor's Estate, 53 D. & C. 95, the same procedure was followed under similar circumstances.

Decedent having died intestate, under the Intestate Act of the Commonwealth, if in fact decedent left to survive him his wife and three children, his wife would receive one third of his entire estate and the remaining two thirds would go to his children in equal shares, but until the identity of his surviving wife and children are definitely established, safety requires us to adopt the

suggestion of the Polish consul in his letter, supra, and the precedents established by the cases above cited.

The accountant has requested the court to allow him some reasonable extra compensation for unusual services rendered by him in the settlement of this estate. During the process of settlement, the administrator had frequent conferences with the court pertaining to various legal problems which confronted him. We thus became fully acquainted with the manifold and arduous services rendered by him and that his administration of this estate was efficient and that the heirs and next of kin were fortunate to have had someone to so carefully protect their rights.

The laws of the Commonwealth of Pennsylvania did not permit the administrator to administer the real estate of decedent, although he graciously and voluntarily looked after it, preserved it, kept it occupied by paying tenants and properly accounted to the court of the income received. However, in view of the fact that the heirs of decedent all reside in Poland, the proper management of the real estate should be in the hands of some competent person who will preserve and protect it for the benefit of the heirs of decedent. Therefore, under the inherent powers reposed in this court and on its own motion, we will appoint York Trust Company of York, Pa., an ad interim trustee durante absentia for the purpose of preserving and managing the real estate of decedent until the further order of the court.

(The court subsequently made the following order: "Now, therefore, in consideration of the premises, the court, on its own motion, by virtue of inherent powers in it reposed, does hereby, June 26, 1950, constitute and appoint York Trust Company of York, Pennsylvania, ad interim trustee durante absentia of all of the real estate of which decedent died seized, with full power and authority to take possession thereof, preserve and

protect it by making the proper and necessary repairs so as to keep the same income-producing; carry insurance thereon against loss by fire, storm and public liability; and do any and all other things proper and necessary and be subject to all the rights, duties and privileges pertaining to said trusteeship as befalls trustees in like or similar cases; the trustee to report and account to this court when and as required so to do. We further appoint William W. Wogan, Esq., of the City of York, Pa., as legal counsel for the trustee.")

It has been made known to the court that immediate repairs to the real estate are necessary to properly protect and preserve it. We therefore will direct the payment to the trustee of the sum of $1,000 out of the adjusted balance on the account for the purpose of paying for such repairs to the real estate of decedent as in its judgment may seem immediately necessary.

And now, to wit, June 26, 1950, we accordingly enter the following

### Decree

1. The account of the administrator as adjusted in this report is confirmed.

2. We direct the administrator and accountant to make, within 10 days, payment out of the adjusted balance, as follows:

(a) To York Trust Company, ad interim trustee durante absentia for the purpose of making necessary repairs to real estate, the sum of $1,000.00.

(b) To the Orphans' Court of York County, Pa., to be deposited by the clerk in a savings account at interest in York Trust Company, at York, Pa., for the use and benefit of the heirs and next of kin of decedent and until the further order of the court, the sum of $7,917.33.

3. That a copy of this report be mailed by the clerk by United States registered mail to Maryanna Zaranco, the supposed wife of decedent, Peter Sidelnik, her sup-

posed brother, the Consulate of the Republic of Poland, at Pittsburgh, Pa., and the three supposed children of decedent at their last known address, as set forth in this report.