### PRESTON v. LOVE.

### No. 9968.

Court of Civil Appeals of Texas. Austin.

May 16, 1951.

Yelderman & Martin, by Wm. Yelderman, Austin, for appellant.

Sneed & Vine, by Robert C. Sneed, Austin, for appellee.

HUGHES, Justice.

This suit was brought by appellee, Friend O. Love, Jr., to recover $500 earnest money paid under a contract for the purchase of certain real estate belonging to Mrs. Bernice Montgomery. The suit, however, is not against Mrs. Montgomery, it is against

appellant, John Preston, the agent who was attempting to negotiate the sale.

In a nonjury trial appellee recovered judgment for the amount in suit. No findings of fact were made.

Appellant's right to retain the $500 deposit is based upon the following provision of the contract of sale: " * * * But if the title is good, and said property is not taken within 30 days from the date hereof, then the Five Hundred ($500.00) Dollars herein receipted for shall be forfeited to John Preston as commission, and this contract shall be null and void, and all parties herein named released. * * *"

Within the thirty-day period specified in this provision of the contract Mrs. Montgomery, with appellant acting as her agent, sold the property involved to a third party. It thus became impossible for Mrs. Montgomery to consummate her contract with appellee.

Appellant's answer to this dilemma is that prior to such sale appellee had repudiated his contract with Mrs. Montgomery. This contention is based solely upon the following letter written by appellee to appellant:

"In regard to the deal that we were figuring on,—I am very sorry that it went askew. I really liked the place and would have liked for the deal to have gone through as per our agreement.

"However, that agreement was that Mrs. Love would go to one or more Austin Banks and after being introduced by Mrs. Preston, and would try to procure a loan large enough to cover the second lien of twenty one hundred dollars ($2100.00) plus two payments overdue on the first lien. If she was not successful in procuring this loan from the Banks in Austin, it was specifically understood that the deal would be a failure and that the five hundred dollars ($500.00) earnest money would be refunded as per your written agreement. There was no mention of trying to borrow money from banks in Houston, New York or any place else. Nor was there any agreement that she would mortgage the car, hock the silverware or other items as a drastic measure. She plainly stated Sunday afternoon that she would not use the car as collateral.

"I appreciate very much all you did in trying to help Mrs. Love get the loan, but I do not exactly appreciate the ridicule, caustic criticism and sarcasm heaped upon her all because the Austin Bank deal failed and that she did not choose to blindly sacrifice everything that we have.

"I am satisfied with the fact that she went beyond our original agreement to try and raise the money, and also glad that she knew when it was time to stop.

"In view of the fact that the Austin Banks would not make the loan and that all other reasonable efforts have failed, and in order to avoid further embarrassment to all concerned, I feel justified as per your written agreement in requesting that the five hundred dollars ($500.00) earnest money check be returned to Mrs. Love without delay."

To constitute an anticipatory breach of contract the declaration of intent to abandon must be in positive and unconditional terms. Kilgore v. Northwest Texas Baptist Educational Soc., 90 Tex. 139, 37 S.W. 598. It is not sufficient that refusal to perform be based upon a genuine mistake or misunderstanding as to matters of fact or law. Englehart v. Volunteer State Life Ins. Co., Tex.Civ.App., 195 S.W.2d 798 (Eastland CCA. Writ Ref. N.R.E.).

Part of the contract between the parties was the following:

"1. That the earnest money of $500 will be returned to Lt. Love if the financing of the sale cannot be accomplished as follows:

"a. The payment of $2000 and interest to Mr. McDonald second lien holder.

"b. The assumption of 6800 approx.— payable $55.56 per mo. 1st lien held by Reliance Life Ins. Co.—Patterson & Jones Agts.

"c. Payment of bal. of 10,000 net after all other indebtedness, taxes, and payments including June 1st 1949 to be paid to Mrs. Bernice Montgomery.

"d. If necessary J. A. Preston to assume Montgomery bal. and hold it and the comm. as 2nd lien at 6% for one yr."

It is undisputed that appellant assisted appellee in attempting to procure a loan and

**488**

that failure was without fault of either party.

With these facts in mind appellee wrote the letter copied above. This letter places an interpretation upon the contract which, in the opinion of the appellee, entitled him to a return of the $500 deposit. No reply to this letter was made by either Mrs. Montgomery or appellant.

There is nothing in this record to indicate that appellee's construction of the contract was not made in good faith and in support of the judgment we find that it was so made. It is unnecessary that we determine if this construction of the contract was right or wrong.

Under the rules above stated there was no repudiation of the contract by appellee authorizing appellant and Mrs. Montgomery to treat the contract as abandoned and sell the property while such contract was in full force. Appellee's failure to take the property within the time prescribed by the contract was rendered impossible by its sale within such time, and appellant's right to retain the $500 deposit was thereby lost.

The judgment of the trial court is affirmed.