**Mrs. Mary L. FLOWERS et al.,
Appellants,**

v.

**W. A. MICHULKA, Appellee.**

**No. 4356.**

Court of Civil Appeals of Texas.

Waco.

April 1, 1965.

Victor R. Blaine, Houston, for appellants.

Robert A. Scardino, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment for plaintiff for $4300. Plaintiff Michulka, by sworn pleadings, sued defendants Flowers, et al., for damages for breach of a lease contract whereby defendants had agreed to pay $1000 per month. Plaintiff alleged, among other things, that " * * * Defendants failed and refused, on or about the 1st day of January, 1964, to pay him the payment due under said lease, and defendants still fail and refuse to pay plaintiff said moneys owed to him under the terms of the contract and lease, thereby breaching the existing Contract and Lease Agreement, to plaintiff's damage in the sum of $4300 * * *." Plaintiff's petition was filed April 22, 1964, and a copy of the lease

contract was attached thereto. Defendants filed an unsworn general denial to plaintiff's petition. Plaintiff thereafter filed motion for summary judgment, alleging that defendants, by answer consisting only of a general denial, failed to join any issues. Defendants filed no reply to plaintiff's motion for summary judgment; and the Trial Court granted such motion and entered judgment for plaintiff for $4300.

Defendants appeal, contending that their answer of general denial to plaintiff's petition was sufficient to raise issues of fact, thus precluding summary judgment.

■ The defendants by not denying the execution of the contract under oath, admitted the contract. Rule 93, Texas Rules of Civil Procedure. Such contract provided for payment of $1000 per month in rents. Plaintiff's petition alleged that defendants defaulted in the $1000 per month payment on January 1, 1964 and thereafter until $4300 was owed under the terms of the contract. Defendants did not allege that they had made any *"payment"* by way of affirmative defense as required by Rules 94 and 95 T.R.C.P. Only a general denial was filed by way of answer.

■ Since the execution of the lease contract was not in issue, and since it required contractual monthly payments, the general denial was insufficient to raise issues of fact herein. Rules 94 and 95 T.R.C.P. require that the defense of payment be affirmatively pleaded. Southwestern Fire & Cas. Co. v. Larue, Sup.Ct., 367 S.W.2d 162.

Defendants' contentions are overruled.

Affirmed.

WILSON, J., concurs in the result solely on the ground that appellee's petition, containing detailed factual assertions probably admissible in evidence, was verified by his affidavit.