**Charles T. SMITH, Appellant,**

v.

**Norman H. GROSS, Appellee.**

**No. 17084.**

Court of Civil Appeals of Texas.

Dallas.

April 19, 1968.

John E. Humphreys, Dallas, for appellant.

Harreyette Bercu, Dallas, for appellee.

BATEMAN, Justice.

The appellee Norman H. Gross obtained a summary judgment against the appellant Charles T. Smith for unpaid rent under a written lease.

Appellee objects to our considering appellant's first point of error on the ground that it is too general to comply with Rule 418, Vernon's Texas Rules of Civil Procedure. We consider the point, in the light of the statement and argument thereunder, to be sufficient to direct our attention to the matter complained of. Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478, 482 (1943); Crutchfield v. Associates Investment Co., 376 S.W.2d 957 (Tex.

Civ.App., Dallas 1964, writ ref'd). Appellee's objection is overruled.

██ Under his first point of error, appellant argues that his answer raised genuine issues of material fact, and that the court erred in rendering summary judgment merely on the pleadings. Appellee alleged the execution of the lease covering a duplex apartment and attached what purports to be the original lease to his petition. He further alleged that although he had fully and completely performed his obligations thereunder, appellant had breached the lease by failing and refusing to pay the rent. The appellant alleged in his answer, *inter alia,* a general denial and that the parties had "orally and mutually terminated said lease" and had "entered into an oral novation of said lease whereby the defendant's ex-wife * * * would retain the premises" covered by the lease.

The only ground of appellee's motion for summary judgment was that appellant's pleadings failed to submit any affirmative defenses and therefore failed to raise any genuine issue as to any material fact. The motion was not verified, and there were no depositions or admissions on file and no affidavits attached to or presented with the motion. Moreover, there is no evidence that the document which is alleged in the petition to be the lease sued on is the original lease, and no sworn or certified copy thereof is attached or shown to have been served with the motion for summary judgment. The only sworn statement of appellee in the record is his oath to his petition, which does not contain the information required by subdivision (e) of Rule 166–A, T.R.C.P., in that it does not show that the affiant had personal knowledge of the facts stated in the petition, does not set forth such facts as would be admissible in evidence and does not show affirmatively that the affiant is competent to testify to the matters stated therein. Therefore, we conclude that there is no proof to support the summary judgment, and that the judgment of the trial court must be sustained, if at all, as a summary judgment on the pleadings.

Alexander v. Houston Oil Field Material Co., 386 S.W.2d 540 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.), was a suit on a promissory note. The plaintiff alleged in its petition that a true copy of the note was attached to the petition, but neither the petition nor the attached copy of the note was sworn to or supported by affidavit. After pointing out that under our rules the filing by a defendant of a general denial puts in issue all matters pleaded by the plaintiff which are not required to be denied under oath, the court said:

"Once this fact is recognized, it follows necessarily that a summary judgment on the pleadings may never properly be entered for a plaintiff when the defendant has a general denial on file— not even in a suit on a promissory note.

"* * * A general denial thus undoubtedly puts in issue allegations that the plaintiff is the owner or holder of the note, that the same is due together with the amount due and owing thereon. Proof of these matters is essential to the right of recovery. Neither the Negotiable Instruments Act nor the Rules of Civil Procedure require that any of them be denied under oath before they can be disproved. Traverse of them is not an affirmative defense to be specially pleaded under Rule 94, T.R.C.P."

That decision was followed in Sidran v. Tanenbaum, 391 S.W.2d 93, 98 (Tex.Civ. App., Dallas 1965, no writ), and Barney v. Credit Plan Corporation, 403 S.W.2d 230 (Tex.Civ.App., San Antonio 1966, no writ).

As movant for summary judgment, appellee was under the burden of demonstrating the absence of any genuine issue as to a material fact, and all doubts as to the existence of such an issue must be resolved against him. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.1965), and cases cited therein. In our opinion appellee did not carry this burden. Appellant's general denial raised fact issues as to the payment or nonpayment of the rent, as well as with respect to his special defenses of mutual cancellation

of the lease and novation. Accordingly appellant's first point of error is sustained.

Appellant's second point of error was specifically abandoned in the oral argument.

The judgment appealed from is reversed and remanded for trial.

Reversed and remanded.