**Wellington NORSWORTHY, Appellant,**

v.

**AMERICAN LEASE PLAN, Appellee.**

No. 297.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 19, 1969.

Robert F. Atkins, Coldspring, for appellant.

Stephen Smith, Lapin & Mayer, Houston, for appellee.

SAM D. JOHNSON, Justice.

Summary judgment case. American Lease Plan, appellee, brought this suit against Wellington Norsworthy, appellant, for breach of a written lease agreement and for rent provided for in the lease and allegedly due thereunder. Appellee's petition was not verified. Attached to appellee's petition, and identified as Exhibit "A," was a photostatic copy of the lease in question.

Appellant filed a general denial. Appellee thereupon filed an unsworn motion for summary judgment. As a basis therefor the motion recited, "Plaintiff's suit is brought on a written lease agreement and the Defendant has filed an Answer consisting only of a general denial, thereby failing to join issue as to any material fact, and Plaintiff is entitled to Judgment as a matter of law." Appellee's unsworn motion contained a single affidavit which related to attorney's fees to which plaintiff claimed to be entitled. No answer to the motion for summary judgment was filed by the appellant. Upon this state of the record the trial court granted appellee's motion for summary judgment and it is from this action that the appellant duly perfects appeal.

Appellant contends that the court erred in granting the motion for summary judgment upon the unsworn pleadings alone when there was a general denial on file. This contention must be sustained. Neither

appellee's original petition nor motion for summary judgment was verified. There were no supporting affidavits which pertained to the issues involved. There were no depositions.

In Alexander v. Houston Oil Field Material Co., Tex.Civ.App., 386 S.W.2d 540, ref., n. r. e, the plaintiff brought suit on a note. A copy of the note was attached to the petition. Neither the petition nor the note was verified nor supported by affidavit. The trial court granted plaintiff's motion for summary judgment. In reversing, the Court stated, " * * * our rules of procedure authorize the defensive plea of general denial; and by the express terms of Rule 92, Texas Rules of Civil Procedure, the plea puts in issue all matters pleaded by the adverse party which are not required to be denied under oath. Thus the defensive plea of general denial is sufficient in law to raise issues of fact with respect to every matter essential to the plaintiff's right of recovery save only those matters required to be denied under oath, * * * it follows necessarily that a summary judgment on the pleadings may never properly be entered for a plaintiff when the defendant has a general denial on file—not even in a suit on a promissory note." It is to be noted that the Alexander case, supra, was an action upon a promissory note. We believe the same reasoning is applicable, however, to the instant action where the instrument being sued upon is subject to assignment or transfer.

In a case more closely analogous, Smith v. Gross, Tex.Civ.App., 427 S.W.2d 712, no writ hist., the plaintiff brought suit on a written lease for unpaid rent and obtained a summary judgment. It was a stronger case in that the purported original lease was attached to appellee's original pleading. The defendant filed and placed reliance upon a general denial. The Court first concluded that the judgment of the trial court, if it could be sustained at all, must be sustained as a judgment on the pleadings. In reversing, the Court quoted from the Alexander case, supra, " * * *

A general denial thus undoubtedly puts in issue allegations that the plaintiff is the owner or holder of the note, that the same is due together with the amount due and owing thereon. Proof of these matters is essential to the right of recovery. Neither the Negotiable Instruments Act nor the Rules of Civil Procedure require that any of them be denied under oath before they can be disproved. Traverse of them is not an affirmative defense to be specially pleaded under Rule 94, T.R.C.P."

In a closely related point of error appellant further contends that the trial court erred in granting the motion for summary judgment because the appellee failed to establish the *existence* of the written contract in issue. Appellee responds that Rule 93(h), Texas Rules of Civil Procedure, provides the appropriate method for questioning such existence, citing Safway Scaffolds Co. of Houston v. Sharpstown Realty Co., Tex.Civ.App., 409 S.W.2d 883, no writ hist. Rule 93(h) requires that a pleading shall be verified by affidavit which denies the *execution* of an instrument in writing; it contains no reference to the *existence* of the instrument. Denial of execution of an instrument is far removed from denial of its existence. In the case at bar the general denial did not put the plaintiff on proof of the execution of the instrument in issue but it did require that its existence be established. Production of the instrument or the showing of an excuse for not doing so is a minimal requirement but one that is altogether justified, especially when none of the movant's pleadings are verified. Cf. Flowers v. Michulka, Tex.Civ.App., 389 S.W.2d 367, no writ hist., and the concurring opinion of Justice Wilson (at p. 368) who therein concurred in the result (affirming a summary judgment), " * * * *solely* on the ground that appellee's position, containing detailed factual assertions probably admissible in evidence, was verified by his affidavit." (Emphasis added). In the instant case the petition was *not* verified and contains no detailed factual assertions.

■ Appellant's final assertion relates to error of the trial court in that appellee's petition fails to allege a breach of contract. There is no recitation in the petition alleging a breach of the contract or a failure to make any payment set out therein. Appellee's petition contains no more than a general allegation that a certain amount is due and owing, which is a conclusion of the appellee. This is not sufficient.

Appellant's points of error are sustained. The judgment of the trial court is reversed and the cause remanded.