**Herbert J. DUPREE, Plaintiff,**

v.

**GULF OIL CORPORATION, Defendant.**

**Civ. A. No. 6726.**

United States District Court,
E. D. Texas,
Beaumont Division.

June 21, 1971.

Robert White Gauss, Lubbock, Tex.,
for plaintiff.

Joseph H. Sperry, Law Dept., Houston, Tex., Fred L. Benckenstein, Benckenstein, McNicholas, Ball, Oxford & Radford, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, Chief Judge.

In this cause of action Plaintiff seeks to recover money allegedly due him under Defendant's Annuities & Benefits Plan. Both the Plaintiff and Defendant have filed Motions for Summary Judgment and briefs in support thereof.

There is no dispute as to the facts of the case. Dupree began working for Gulf Oil Corporation in 1936. In March, 1967, he allegedly suffered a back injury while working on one of Gulf's ships at Port Arthur, Texas. Payments totaling some $8,100.00 were subsequently made to Dupree under the Longshoremen's and Harbor Workers' Compensation Act by Gulf's insurer. On November 26, 1968, Dupree filed suit in this Court (Civil Action No. 6148) seeking $450,000.00 in damages as a result of this injury. That suit was settled for the sum of $22,500.00 on December 18, 1969, at which time Dupree signed the customary release.

Dupree was retired from Gulf on June 11, 1969. He applied for and received a disability annuity in the amount of $180.53 monthly under the Annuities & Benefits Plan and $66.45 monthly under the Contributory Retirement Plan of Gulf Oil. However, the committee which administers the Annuities & Benefits Plan advised Dupree that he would not receive the first 124 payments under that plan, because his annuity was being reduced by an amount equal to his $22,-500.00 settlement. The committee based this decision on the alleged authority of Section 5(C)5 [1] of the Plan.

It was at this stage that Dupree instituted this action, claiming Gulf breached its contract and that he is now entitled to a lump sum payment of his annuity. Subsequent to that time, however, the situation has changed. The Annuity Committee notified Dupree by letter dated January 29, 1971, that it had decided there would be no further offset "for Workmen's Compensation" deducted from his annuity as of January 1, 1971. Enclosed with the letter was a check for his full annuity for January. It appears that the Committee's decision on this occasion was prompted by the latest amendment of the Annuities & Benefits Plan, which now seems to give the Committee full discretion in exercising its setoff authority.[2]

Upon receipt of the aforementioned letter, however, Dupree, through his attorney, returned the Annuity & Benefits payment with a letter indicating that it was being refused in order not to disturb the status quo of this litigation. No more payments have been tendered since this exchange.

Plaintiff relies in part upon the doctrine of anticipatory breach of contract, which would allow the immediate lump sum recovery of the present value of the entire amount of annuity payments due, and to be due, under the contract, if there is a wrongful repudiation of same. Williams v. Mut. Ben. Health & Acc. Ass'n., 100 F.2d 264 (5th Cir. 1938). The sufficiency of Plaintiff's complaint under this doctrine must, of course, be tested under the

---

1. At that time this section read as follows:
5. The disability annuity payable to an annuitant before his normal retirement age shall be reduced, in an equitable manner as the Committee shall determine, by any benefits resulting from premiums, taxes or contributions paid by any of The Gulf Companies under any Workmen's Compensation Law or similar legislation.

2. The section now reads as follows:
5. The disability annuity payments which would otherwise be made to an annuitant after 1970 and before his normal retirement age may be reduced, in an equitable manner as the Committee shall determine, by any benefits resulting from premiums, taxes or contributions paid by any of The Gulf Companies under any Workmen's Compensation Law or similar legislation.

standards of Texas law. Erie R. R. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although such recovery has long been recognized in Texas, Pollack v. Pollack, 46 S.W.2d 292 (Tex.Comm.App.1932), it is well settled that a refusal to perform arising from a bona fide controversy over the terms of a contract, or the construction to be placed upon it, may be sufficient to constitute breach of contract, but the same does not amount to such a repudiation as to constitute an anticipatory breach. Englehart v. Volunteer State Life Ins. Co., 195 S.W.2d 798 (Tex.Civ.App.-Eastland 1946, writ ref'd n. r. e.); Preston v. Love, 240 S.W.2d 486 (Tex. Civ.App.-Austin 1951, no writ hist.); Surko v. Harrison, 391 S.W.2d 115 (Tex.Civ.App.-Corpus Christi 1965, writ ref'd n. r. e.); see also Universal Life & Acc. Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405 (Tex.Comm.App.1937).

█ Under the circumstances involved here, it seems clear to the Court that the committee has at all times material hereto acted in good faith in applying the Annuities & Benefits Plan, in the manner it felt required to apply it, to the Plaintiff. For this reason, and in view of the fact that the Committee has determined that Dupree is entitled to receive his full benefit beginning January 1, 1971, the Court is of the opinion that Defendant's Motion for Summary Judgment is well taken with regard to the alleged anticipatory breach of contract.

█ The question then remains as to whether Plaintiff should recover the benefit payments which were withheld prior to January 1, 1971. The Court agrees with Plaintiff's contention that in Texas, as well as most other jurisdictions, Gulf's Annuities & Benefits Plan should be considered a valid, enforceable contract, even though it was a non-contributory plan insofar as the employee is concerned. Rubin v. Adams, 368 S.W.2d 42 (Tex.Civ.App.-Amarillo 1963, writ ref'd. n. r. e.). This being the case, it is necessary to determine whether the terms of the contract were properly applied to the Plaintiff, or more specifically, was the set-off justified under Section 5(C)5 of the plan, as it existed prior to January 1, 1971.

█ An affirmative response is possible only if the settlement in Cause No. 6148 can be classified as a "benefit resulting from premiums * * * paid by any of the Gulf companies under any Workmen's Compensation law or similar legislation," but the Court does not believe such a construction is warranted. The pleadings reflect that Cause No. 6148 was a typical action brought under Rule 9(h), F.R.Civ.P., joining a traditional admiralty claim with a negligence claim under the Jones Act, 46 U.S.C. § 688. Because of the Jones Act aspect of that case, the Defendant is attempting to prevail now by arguing that said Act is legislation similar to workmen's compensation laws, that Gulf's insurer paid the amount of settlement in Cause No. 6148, that premiums are paid for such coverage, and, therefore, that the provisions of Section 5(C)5 required that Plaintiff's annuity be offset by the amount of the settlement. This argument, however, is based on a misinterpretation of the Jones Act. In enacting this legislation, Congress was merely creating a new cause of action which can be asserted in federal court; it was not providing the type of humanitarian no-fault recovery that is contemplated by workmen's compensation laws, Longshoremen's and Harbor Workers' Compensation Act, etc. It is no more logical to include the settlement value of a Jones Act case within the scope of Section 5(C)5 than it would be to include the value of any non-statutory personal injury settlement or judgment which Gulf's insurer might have to pay. The cases relied upon by Defendant on this point are readily distinguishable inasmuch as they deal with payments by the employer made mandatory under a statutory scheme. Thus, the Court is of the opinion that the Committee erroneously interpreted the Annuities & Benefits Plan, and therefore, that Plaintiff's Mo-

tion for Summary Judgment is well taken with regard to his contention that the amount of settlement received by Dupree should not have been set off against his disability annuity prior to January 1, 1971. The net result, then, is that Plaintiff is entitled to recover. his disability annuity for that 18 month period, an amount totaling $3,249.54, plus interest at the legal rate.

In arriving at the above conclusion, the Court has not overlooked Defendant's argument to the effect that Dupree waived his right to his annuity by signing the release in connection with the settlement of Cause No. 6148. Suffice it to say that such an intention is definitely not apparent from the release itself, and to so construe it would be manifestly unjust.

Defendant has also suggested that the Mellon National Bank & Trust Company is an indispensible party to this action as trustee of the assets which support the Annuities & Benefits Plan. However, in the absence of any showing that the Trustee would not or could not comply with the Committee's instructions concerning the payment of Dupree's annuity, the Court does not feel that its joinder is necessary, nor would it contribute materially to the resolution of this litigation.

For the reasons set out hereinabove, it is ordered, adjudged and decreed that Plaintiff's Motion for Summary Judgment should be, and the same is hereby granted, insofar as it relates to the annuities due Dupree prior to January 1, 1971, and Plaintiff is entitled to judgment in the amount of $3,249.54, plus interest at the legal rate from the date said payments became due until the date said sum is paid.

It is further ordered, adjudged and decreed that Defendant's Motion for Summary Judgment should be, and the same is hereby granted, insofar as it relates to the alleged anticipatory breach of contract, provided, however, that Defendant tender to Plaintiff his disability annuities due since January 1, 1971, and continue to make such payments at monthly intervals.

It is further ordered, adjudged and decreed that this action for the disability annuity which became due the Plaintiff upon retirement cannot be considered an action for deferred wages in the same manner as an ordinary retirement annuity or pension,[3] and therefore, that Plaintiff is not entitled to recover attorney's fees in this action.

It is further ordered, adjudged and decreed that in view of the decision herein, all other pending motions in this cause should be, and the same are hereby dismissed as moot; and it is further

Ordered, adjudged and decreed that all costs of court in this cause shall be assessed against the Defendant.

---

3. Vernon's Tex.Rev.Civ.Stat.Ann. art. 2226 provides as follows:

Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney.

Such statute, however, is penal in nature, and must be strictly construed. New Amsterdam Cas. Co. v. Texas Industries, Inc., 414 S.W.2d 914 (Tex.1967).