## CIRCUIT COURT OF FAIRFAX COUNTY

James A. Butz

    v.

Carroll Lee Walker
and Virginia Land Co.

June 28, 1991

Case No. (Law) 99515

By JUDGE ROSEMARIE ANNUNZIATA

    The matter before the Court is plaintiff, James A. Butz's, Motion for Summary Judgment.

    The facts considered by the Court and which are not in dispute are as follows. The plaintiff claimed an interest in several parcels of land and assets in Virginia which the defendants contracted to sell to a third party. In an effort to protect any claims he had, the plaintiff notified the defendants, through counsel, that he was prepared to file a lis pendens and take legal action as necessary to prevent the sale of the property.

    On November 18, 1989, the defendants, Carroll Lee Walker and Virginia Land Company, entered into a release agreement with the plaintiff. In the agreement, the plaintiff released any interest or claim he had in the land or assets at dispute. As consideration for the release, the defendants signed promissory notes, payable to the plaintiff, totaling $132,000: a $7,000 note due on December 15, 1989, and a $125,000 note due on July 1, 1989. On the same day, the defendants sold the land and assets released by the agreement to British investors. Subsequently, the defendants failed to pay the notes.

    The plaintiff brought this action based on the notes which he claims have been in default since December 15,

1989. The defendants do not dispute any material facts and specifically admit that the notes are genuine, authentic, and in default. However, the defendants assert economic duress as a defense to the plaintiff's claims. The defendants argue that the notes and release were entered into under the duress of the plaintiff's threat to file the lis pendens referenced above. The plaintiff argues the defendants are estopped from claiming economic duress as a defense because of their failure to repudiate after the removal of the duress. *See Gloth v. Gloth*, 154 Va. 511, 552 (1930).

Repudiation has been defined as a refusal to perform the duty or obligation owed to the other party. *Pitcher v. Lauritzen*, 423 P.2d 491, 493 (Utah 1967). It consists of words or actions that indicate the repudiating party is not going to perform his contract in the future. *Continental Casualty Co. v. Boerger*, 389 S.W.2d 566, 568 (Tex. Civ. App. 1965). The act or words of repudiation must be absolute and unequivocal. *Robinson v. Raquet*, 36 P.2d 821, 825 (Cal. Dist. Ct. App. 1934).

In this case, the only act performed by the defendants is the failure to make the note payments when due. The Court finds that non-payment of a promissory note is not repudiation as required for the assertion of the defense of duress. Although non-payment of the note may be considered a breach of the duty to pay, it alone, and without any explanation, is not legal repudiation.

As evidence that the plaintiff understood the failure to pay the notes as repudiation, the defendants cite a letter of January 10, 1990, from the plaintiff to defendant Walker. The letter, however, fails to reveal any such understanding. The plaintiff wrote, "Due to the delayed closing, I understand the delay in the payment of the $7,000 note," and urged prompt payment of the note. Further, the terms of the promissory notes do not contemplate non-payment as repudiation. The notes refer to "extensions which from time to time may be granted," and explicitly stipulate that if payment was not made when due, the interest rate would be increased to 18% per annum. There is nothing in the letter or the notes that supports the defendants' conclusion that non-payment constitutes absolute and unequivocal repudiation of the release and the notes.

In summary, the Court finds that there is no genuine

issue of material fact and that the defense of duress cannot be asserted under the facts of this case. The plaintiff is therefore entitled to judgment in his favor as a matter of law.

For these reasons, the plaintiff's Motion for Summary Judgment is granted.